ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, ETC., demandantes y recurrentes, *v.* HÉCTOR J. RODRÍGUEZ, ETC., demandados y recurridos.

*Número:* RE-86-346        *Resuelto:* 29 de enero de 1991

*Sonia L. Del Toro*, abogada de la recurrente; *Eduardo E. Ortiz*, abogado del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El caso de autos nos plantea como controversia principal la determinación del alcance del procedimiento especial que provee el Art. 28 de la Ley Orgánica de la Administración de Reglamentos y Permisos (Ley Orgánica de A.R.PE.), Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. sec. 72).

# I

*Los hechos*

El caso de autos tuvo su génesis cuando la Administración de Reglamentos y Permisos (A.R.Pe.) instó en el Tribunal de Distrito, Sala de Humacao, una acción mediante la cual solicitó la paralización inmediata de una obra de construcción.[1] Utilizó como fuente estatutaria el procedimiento sumario provisto por el Art. 28 de la Ley Orgánica de A.R.Pe., *supra*. Alegó bajo juramento que Luis J. Rodríguez, sin poseer el correspondiente permiso de la agencia según lo exigen los Arts. 16 y 17 de dicha ley, 23 L.P.R.A. secs. 71o y 71p, venía realizando una obra de construcción consistente en una ampliación hacia el frente de $32'0'' \times 2'6''$. La construcción se hallaba en la etapa de columnas. Además de la mencionada solicitud de paralización, pidió al tribunal que

> . . . señale la fecha y hora para la vista de esta querella, dentro de los próximos diez (10) días, indicando al querellado que en dicha vista podrá él comparecer personalmente o por abogado, a confrontarse con las alegaciones que se hacen en la querella; y apercibiéndole que, si dejare de comparecer, el Tribunal dictará la correspondiente orden permanente de paralización, apercibiéndole, además, que el incumplimiento de la orden expedida dará lugar a que se le halle incurso en desacato pudiendo ser castigado por el Tribunal con multa no menor de cien ($100) dólares ni mayor de quinientos ($500) dólares o reclusión por un término no menor de diez (10) días ni mayor de seis (6) meses y dicte cualquiera otro remedio que proceda en derecho. Anejo I, pág. 2.

El tribunal dictó la orden solicitada y señaló el caso para vista. Luego de una serie de trámites procesales,[2] A.R.Pe. compareció

---

[1] CD-83-252.

[2] En dicha vista, el representante legal de la Administración de Reglamentos y Permisos (A.R.Pe.) compareció a informar que no se había citado al demandado, por lo que solicitó la suspensión de la vista. Se fijó un nuevo señalamiento.

Posteriormente, el tribunal emitió una nueva orden de paralización y apercibimiento dirigida al Sr. Héctor J. Rodríguez.

No existe minuta escrita que refleje qué sucedió en la nueva vista señalada. No obstante, A.R.Pe. alega que a dicha vista comparecieron los representantes legales de las

por escrito ante el Tribunal de Distrito mediante dos (2) mociones. En una, le informó al tribunal que el querellado no había cumplido con la orden de paralización inmediata, por lo que pidió que se le citara a explicar las razones por las cuales incumplió. Mediante la otra, solicitó que se señalara fecha para una nueva vista. Ante esta petición, el tribunal de instancia señaló la vista y dictó una orden dirigida al Sr. Luis J. Rodríguez para que compareciera a explicar por qué no había paralizado la obra. Se fijó vista para el 5 de agosto de 1983.

En dicha vista, el representante legal del querellado compareció e informó al tribunal que estaba en medio de gestiones cuyo fin era resolver la situación administrativamente. A estos fines pidió se le concedieran treinta (30) días adicionales. De acuerdo con las minutas oficiales, A.R.Pe. se allanó a esta petición del querellado. El tribunal concedió el término solicitado y apercibió a A.R.Pe. que debería promover un nuevo señalamiento si no se lograba un acuerdo dentro del término concedido.(3)

Más de seis (6) meses después de la vista, el foro de instancia, conforme a la Regla 39.2 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), expidió una orden dirigida a las partes para que expusieran las razones por las cuales no debía desestimar la acción por inactividad. Catorce (14) días más tarde, dictó sentencia mediante la cual decretó el archivo del caso con perjuicio por no haberse diligenciado el emplazamiento del querellado dentro del término de seis (6) meses de expedido éste. Regla 4.3(b) de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

Diez (10) días después, A.R.Pe. presentó Moción en Cumplimiento de Orden en la que señaló lo siguiente:

---

partes. Señala, además, que el caso se vio en Cámara y que en esa ocasión el abogado del demandado solicitó la suspensión de la vista. El tribunal, por su parte, le concedió veinte (20) días para contestar la Solicitud de Orden y dispuso, además, que se mantendría en vigor la orden de paralización provisional emitida anteriormente.

(3) Con relación a este asunto, A.R.Pe. señaló que la vista se celebró en Cámara y que, aunque no surge de la Minuta, ellos se opusieron a la solicitud de término adicional e insistieron en que se encontrara al querellado incurso en desacato. El juez, por su parte, no acogió su oposición.

. . . [Q]ue en el presente caso la Administración de Reglamentos y Permisos solicitó oportunamente se citara para vista para ver la solicitud sobre Orden de Paralización Permanente y luego solicitó para que se citara para mostrar causa por la cual no debía encontrarse incurso en desacato por haber continuado la construcción a pesar de la Orden de Paralización Provisional; que en todas las comparecencias la Administración de Reglamentos y Permisos se opuso a las dilaciones de tiempo solicitadas por la parte querellada las cuales nunca cumplió [sic] con lo que exponía como razón para solicitar tiempo adicional . . . la parte querellada aprovechó el tiempo concedido por el Hon. Tribunal para concluir la obra de construcción y tampoco en esa fecha se permitió a esta parte pasar prueba sobre desacato a la Orden Provisional; que la razón del Procedimiento Especial es detener oportunamente la construcción como un medio rápido y menos oneroso sobre todo para el que construye ilegalmente para evitarle a esa parte que en un futuro se vea afectado en una demolición de obra; que en el presente caso el recurso se ha tornado académico toda vez que la parte construyó la obra; que en estos momentos la Administración de Reglamentos y Permisos le queda disponible recurrir al Tribunal Superior mediante Injunction para solicitar la demolición de la obra. Anejo III, págs. 6–7.

Conforme al escrito citado, A.R.Pe. presentó en el Tribunal Superior, Sala de Humacao, una acción de *injunction* contra Luis J. Rodríguez y/o Jane Doe y la Sociedad Legal de Gananciales por ellos constituida.(4) Solicitó, por ese medio, que se le ordenara a los demandados a remover o a demoler la estructura que de acuerdo con sus alegaciones fue construida en violación a las disposiciones estatutarias de A.R.Pe.

Luego de una serie de trámites procesales,(5) A.R.Pe. presentó Moción de Anotación en Rebeldía y Señalamiento de Vista.

---

(4) Civil Núm. 84–1364.

(5) La primera vista se suspendió por no haberse podido citar a la parte demandada. El emplazador de A.R.Pe. informó que no había podido emplazar, ya que la persona a ser emplazada alegaba que su nombre era Héctor J. Rodríguez y no Luis J. Rodríguez, según aparecía en el documento. Ante esta situación, A.R.Pe. presentó al tribunal una moción para enmendar el epígrafe de la demanda y solicitó, además, que se expidieran nuevos emplazamientos. Se presentó entonces demanda enmendada en la que se corrigió el epígrafe. Bajo el nuevo epígrafe, se emplazó a la Sociedad de Gananciales constituida por Héctor J. Rodríguez e Hilda Ortiz Alicea, y a ésta última en su carácter personal. No surge constancia del emplazamiento personal a Héctor J. Rodríguez.

Ambas peticiones fueron denegadas y, en cambio, se acogió favorablemente una moción de desestimación presentada por la parte demandada.

El tribunal de instancia resolvió que procedía la defensa de cosa juzgada por fraccionamiento de causa de acción. Apoyó su determinación en el hecho de que A.R.Pe. presentó una acción para paralizar en el Tribunal de Distrito y otra para demoler en el Tribunal Superior. El tribunal entendió que tanto la acción para paralizar como la acción para demoler debieron presentarse dentro del mismo procedimiento ya que, de acuerdo con el Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, el Tribunal de Distrito poseía competencia para intervenir en ambas acciones.

No conforme, A.R.Pe. recurrió ante nos. Señaló como errores la desestimación que, conforme a los principios de cosa juzgada, hiciera el Tribunal Superior con relación a una demanda de *injunction*, mediante la cual se solicitaba la demolición de una construcción. Cuestionó, además, la determinación de que el procedimiento especial del Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, tuviese el alcance de facultar al Tribunal de Distrito para conceder tanto el remedio de paralizar como el de demoler una obra de construcción, y la imposición de costas.

II

*Alcance del Art. 28 de la Ley Núm. 76 de 24 de junio de 1975*

Veamos, en primer término y en lo pertinente, el texto de la disposición en controversia:

El Administrador o el Secretario de Justicia en los casos en los que así se solicite a nombre del Pueblo de Puerto Rico, o de cualquier propietario u ocupante de una propiedad vecina, que resultare o pudiere resultar especialmente perjudicado por cualesquiera de dichas violaciones, además de los otros remedios provistos por ley, podrá entablar recurso de interdicto, *mandamus*, nulidad o *cualquiera otra acción adecuada para impedir, prohibir, anular, vacar, remover o demoler cualquier edificio construido, o cualquier edificio o uso hechos o mantenidos, en violación de este Capítulo o de cualesquiera reglamentos adoptados conforme a ley y cuya*

*estructuración le haya sido encomendada a la Administración.* Esta autorización no priva a cualquier persona a incoar el procedimiento adecuado en ley para evitar infracciones a este Capítulo y a todos los reglamentos relacionados con el mismo, para evitar cualquier estorbo (*nuisance*) adyacente, o en la vecindad, de la propiedad o vivienda de la persona afectada. A estos fines, se provee el siguiente procedimiento especial:

(a) Cuando, por persona o autoridad con derecho a ello, se presente petición jurada ante un juez del Tribunal de Primera Instancia de Puerto Rico identificando un edificio o casa, alegando que el mismo está siendo construido, ampliado, reparado, trasladado, alterado, reconstruido, o usado, o demolido, en violación de este Capítulo o de los reglamentos, mapas o planos aplicables especificando los actos constitutivos de dicha violación e identificando la persona o personas que estén cometiendo la violación en cuestión, *el tribunal expedirá una orden provisional dirigida a dichas personas requiriéndoles para que paralicen inmediatamente, bajo apercibimiento de desacato, la obra o uso a que la petición se refiere, hasta tanto se ventile judicialmente su derecho.*

(b) En la orden provisional se fijará la fecha de la vista que deberá celebrarse dentro de los diez (10) días siguientes a la radicación de la petición y se advertirá al querellado que en dicha vista podrá él comparecer, personalmente o por abogado, a confrontarse con las imputaciones que se le hacen, pudiendo dictarse la orden permanente si dejare él de comparecer.

(c) Tendrán derecho a presentar la petición los colindantes y vecinos que pudieren ser afectados por la violación y los funcionarios designados por los organismos gubernamentales que insten la acción, así como ingenieros o arquitectos que actúen como proyectistas o inspectores de la obra.

(d) Dicha orden deberá ser diligenciada en la misma forma en que se diligencia la citación para la primera comparecencia en los casos de desahucio. Se podrán utilizar los servicios de cualquier alguacil de los tribunales de justicia de Puerto Rico o de cualquier miembro de la Policía Estatal para diligenciar dicha orden. Se entregará al querellado copia de la orden y copia de la petición jurada. Ambos documentos llevarán el sello del tribunal.

(e) El querellado no vendrá obligado a radicar alegación escrita alguna en contestación a la petición pero podrá oponer cualquier defensa procedente, como si se tratase de un caso criminal. *No se cobrarán costas.* Siempre que surgiese controversia sobre los

hechos, el tribunal realizará una inspección ocular si lo creyere conveniente y si alguna de las partes lo solicita durante la vista.

(f) *La resolución podrá ordenar la paralización permanente de los actos alegados en la petición o dejar definitivamente sin efecto la orden provisional.* Toda resolución será escrita y contendrá una exposición de las alegaciones principales de la petición y de la prueba producida por ambas partes, una referencia al mapa, plano o ley alegadamente infringido, o una transcripción de la disposición reglamentaria aplicable y una exposición de lo que hubiese demostrado la inspección ocular.

(g) Las resoluciones y órdenes serán apelables para el tribunal correspondiente de superior jerarquía. En tales apelaciones, y en lo aquí no provisto, regirán los términos y procedimientos que rigen las apelaciones en las acciones ordinarias, pero el récord lo constituirá el expediente original, que deberá ser elevado al tribunal de apelación. En caso de que la apelación se funde en apreciación de prueba y así se haga constar en el escrito de apelación, podrá elevarse la transcripción de la evidencia. En todos los demás casos, se considerarán como finales, a los efectos de la apelación, las adjudicaciones de hecho contenidas en la resolución.

(h) El hecho de que se inicie el procedimiento especial aquí provisto impedirá el que pueda dictarse sentencia en una acción criminal sobre los mismos hechos. El hecho de haberse iniciado una acción criminal sobre los mismos hechos, impedirá el que pueda expedirse una orden provisional o permanente bajo este procedimiento especial.(6) (Énfasis suplido.) 23 L.P.R.A. sec. 72.

De acuerdo con la interpretación que A.R.Pe. hace del referido Art. 28, *supra*, el procedimiento especial antes transcrito sólo provee la paralización de una obra que "está siendo construid[a], ampliad[a], reparad[a], trasladad[a], alterad[a], reconstruid[a], o usad[a], o demolid[a]. . .". Así mismo, agrega que

. . . conforme al historial y la intención legislativa del procedimiento especial ha quedado establecido que el Tribunal de Primera Instancia cuando el recurso utilizado es el del procedimiento especial del Artículo 28 de la ley, no tiene jurisdicción para ordenar la demolición de la obra en construcción. Por lo tanto, ARPE tiene

---

(6) La citada disposición estatutaria fue enmendada por la Ley Núm. 58 de 27 de junio de 1987 sólo a los fines de incluir un medio para "prohibir, suprimir, remover o modificar la instalación . . . de rótulos o anuncios . . .". 23 L.P.R.A. sec. 72.

que solicitar la demolición al amparo del Artículo 26 y del 28 (23 L.P.R.A. sec. 71 y 72) en cuanto provee estatutariamente autoridad para radicar el recurso extraordinario del *injunction*. Solicitud de auto de revisión, pág. 9.

En síntesis, según el criterio de A.R.Pe., habiéndose utilizado el procedimiento especial provisto por el Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, el Tribunal de Distrito carecía de competencia para actuar más allá de la mera paralización provisional o permanente de la obra. En vista de que la acción es en contra de la propiedad, en la cual se requiere la comparecencia del propietario, "el mecanismo apropiado para la demolición es el *injunction*, de tal forma que no se desvirtúe la sumariedad del procedimiento especial abriéndolo a tecnicismos propios de otras acciones". Solicitud de auto de revisión, pág. 10.

Por otro lado, la parte demandada recurrida sostiene que el tribunal de instancia actuó correctamente al resolver que, en virtud del Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, el Tribunal de Distrito tenía competencia para llevar a cabo procedimientos ulteriores, como lo sería el dictar una orden para demoler. Continuó alegando que, conforme dicha interpretación, procedía la desestimación de la petición de *injunction* en atención a los postulados de la doctrina de cosa juzgada.

■ Ahora bien, la interpretación de una disposición estatutaria debe hacerse tomando "en consideración los fines que persigue y en forma tal que la interpretación se ajuste al 'fundamento de ley' y a la política pública que la inspira". *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772, 785 (1968). Nuestra cardinal obligación es desentrañar y hacer prevalecer el propósito legislativo, imprimiéndole así efectividad. *Díaz Marín v. Mun. de San Juan*, 117 D.P.R. 334, 342 (1986); *Asoc. Médica de P.R. v. Cruz Azul*, 118 D.P.R. 669, 678 (1987).

■ En el caso de autos estamos ante un estatuto que provee un procedimiento especial que responde al fin e interés legislativo de proveerle a A.R.Pe. mecanismos efectivos procesales que hagan viable la adecuada implantación de la política

pública. Sus disposiciones han de prevalecer aunque se aparten de los principios generales del derecho. Éstos entran en función sólo en aquellos casos en que resulten necesarios para suplir alguna deficiencia en la ley especial. Art. 12 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 12; R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, Cap. 31, pág. 245. Reiteradamente, hemos sostenido que las "acciones de carácter especial se tramitan, como regla general, de acuerdo con el estatuto correspondiente", aunque en todas aquellas circunstancias en que no sean incompatibles con su propósito, aplican las Reglas de Procedimiento Civil. *Frente Unido Independentista v. C.E.E.*, 126 D.P.R. 309, 313 (1990).

Específicamente, con relación al procedimiento especial del Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, hemos expresado que "[d]icho procedimiento es de naturaleza *estatutaria, especial y sumaria*". (Énfasis en el original.) *Luan Investment Corp. v. Román*, 125 D.P.R. 533, 544 (1990). Su razón de ser es hacer viable, a la vez que vindicar, el cumplimiento de la ley de A.R.Pe. y la reglamentación correspondiente. A tales efectos, la citada opinión señala:

> El Art. 28 de la Ley de A.R.P.E., *supra*, dispone un procedimiento mediante el cual tanto el Administrador de A.R.P.E. como el Secretario de Justicia de Puerto Rico, *además de los otros remedios permitidos por ley, pueden presentar un recurso de injunction, mandamus*, nulidad o cualquier otra acción adecuada para impedir, prohibir, anular, vacar, remover o demoler cualquier edificio construido o cualquier edificio o uso hecho o mantenido en violación de la Ley de A.R.P.E. o de sus reglamentos.
>
> Además, autoriza a cualquier persona a incoar el procedimiento adecuado en ley para evitar infracciones a la Ley de A.R.P.E. y sus reglamentos, así como para evitar cualquier estorbo adyacente o en la vecindad de la propiedad o vivienda de la persona afectada. Para ello, el Art. 28 de esta ley, *supra*, provee un procedimiento especial para combatir la ilegalidad. (Énfasis suplido.) *Luan Investment Corp. v. Román*, supra, págs. 543–544. Véanse, además: *Torres v.*

*Rodríguez*, 101 D.P.R. 177 (1973); *A.R.P.E.* v. *Ozores Pérez*, 116 D.P.R. 816 (1986).[7]

■ Pasemos ahora a examinar la procedencia del Art. 28 de la Ley Orgánica de A.R.Pe., *supra*. Mediante la Ley Núm. 213 de 12 de mayo de 1942, según enmendada, se creó la Ley de Planificación y Presupuesto de Puerto Rico. Desde esta temprana etapa en el desarrollo de la ley se adoptaron medidas para castigar las infracciones a las disposiciones contenidas en el estatuto, además de pautar otros remedios disponibles para promover su cumplimiento. A esa fecha la ley, en lo pertinente, leía como sigue:

> Artículo 23. — Edificios y Usos de Terrenos.—. . . Toda persona que infrinja este o cualquier reglamento, plano o mapa, será culpable de delito menos grave (*misdemeanor*), y convicta que fuere, se le impondrá una multa no mayor de doscientos (200) dólares, o cárcel por no más de diez (10) días, o ambas penas a discreción del tribunal. Por cada día y durante todos los días que subsista dicha violación, se considerará un delito separado cometido. *El Procurador General de Puerto Rico, en nombre de El Pueblo de Puerto Rico, o de cualquier propietario y ocupante de una propiedad vecina, que resultare o pudiere resultar especialmente perjudicado por cualquiera de dichas violaciones, además de los otros remedios provistos por ley, podrá entablar recurso de interdicto, mandamus, nulidad, o cualquiera otra acción adecuada, para impedir, prohibir, anular, vacar o remover cualquier edificio constru[i]do, o cualquier edificio o uso hechos o mantenidos en violación de esta Ley o de cualesquiera reglamentos de acuerdo con la misma.* (Énfasis suplido.) 1942 Leyes de Puerto Rico 1127–1129.

Como se puede apreciar, el contenido del transcrito Art. 23 de la Ley Núm. 213, *supra*, resulta en gran medida similar al Art. 28 de la ley vigente, *supra*. Sobre todo, hay que atender el hecho de

---

[7] Con relación a las funciones de A.R.Pe., en *Asoc. Res. Baldrich, Inc. v. J.P. de P.R.*, 118 D.P.R. 759, 767 (1987), expresamos:

". . . [E]ntre las funciones más importantes de A.R.Pe. está la de '[a]plicar y velar el cumplimiento de sus propios reglamentos, de los Reglamentos de Planificación que haya adoptado o adopte la Junta de Planificación de Puerto Rico para el desarrollo, subdivisión y uso de terrenos y para la construcción y uso de edificios, así como el cumplimiento de toda ley estatal, ordenanza, o reglamentación de cualquier organismo gubernamental que regule la construcción en Puerto Rico'."

que ya en esta etapa, sin necesidad del procedimiento especial, el estatuto reconocía el uso del *interdicto, mandamus, nulidad,* entre otros, como remedios disponibles para *impedir, prohibir, anular, vacar* o *remover* cualquier edificio construido en violación a la ley.

■ A través de la Ley Núm. 91 de 16 de junio de 1953, se enmendaron los Arts. 3 y 12 de la Ley Núm. 429 de 23 de abril de 1946. Entre otros cambios menores en cuanto a la cuantía de la multa y el término de cárcel aplicable, por primera vez se incluyó el procedimiento especial que al presente comprende el Art. 28 de la Ley Orgánica de A.R.Pe., *supra.* En esencia, excepto por pequeñas variantes, la redacción y el contenido del mismo es igual al de la ley aplicable al caso de autos.[8] La ley proveía y provee el uso de distintos remedios para llevar a cabo sus propósitos.

---

[8] El texto en cuanto a este extremo quedó plasmado según transcribimos a continuación:

"'. . . Procedimiento Especial. (*a*) Cuando por persona o autoridad con derecho a ello, se presente petición jurada ante un juez del Tribunal de Primera Instancia de Puerto Rico identificando un edificio o casa, alegando que el mismo está siendo constru[i]do, ampliado, reparado, trasladado, alterado o reconstru[i]do en violación de esta ley o de los reglamentos, mapas o planos, especificando los actos constitutivos de dicha violación, e identificando la persona o personas que estén cometiendo la violación en cuestión; el Tribunal expedirá una orden provisional dirigida a dichas personas requiriéndoles para que paralicen inmediatamente, bajo apercibimiento de desacato, la obra, a que la petición se refiere, hasta tanto se ventile judicialmente su derecho.

"'(*b*) En la orden provisional se fijará la fecha de la vista, que deberá celebrarse dentro de los 10 días siguientes a la radicación de la petición y se advertirá al querellado que en dicha vista podrá él comparecer, personalmente o por abogado, a confrontarse con las imputaciones que se le hacen, pudiendo dictarse la orden permanente si dejare él de comparecer.

"'(*c*) Tendrán derecho a presentar la petición los colindantes y vecinos que pudieran ser afectados por la violación y los funcionarios designados por la Junta de Planificación, el Negociado de Permisos y la Autoridad Sobre Hogares de Puerto Rico.

"'(*d*) Dicha orden deberá ser diligenciada en la misma forma en que se diligencia la citación para la primera comparecencia en los casos de desahucio; Disponiéndose que para diligenciar dicha orden se podrán utilizar los servicios de cualquier marshal de los Tribunales de Justicia de Puerto Rico o de cualquier miembro de la Policía Estadual. Se entregará al querellado copia de la orden y copia de la petición jurada. Ambos documentos llevarán el sello del tribunal.

"'(*e*) El querellado no vendrá obligado a radicar alegación escrita alguna en contestación a la petición pero podrá oponer cualquier defensa procedente, como si se tratase de un caso criminal. No se cobrarán costas. Siempre que surgiese controversia sobre los hechos, el tribunal realizará una inspección ocular si lo creyere conveniente y si alguna de las partes lo solicita durante la vista.

■ Excepto por la acción criminal, la utilización del procedimiento especial no impide el uso de los otros remedios. La acción criminal y el procedimiento especial son mutuamente excluyentes. Véase el Art. 28(h) de la Ley Orgánica de A.R.Pe., 23 L.P.R.A. sec. 72(h). Tanto la ley actual como la Ley Núm. 91, *supra*, expresamente aluden a las circunstancias según las cuales procede el uso del procedimiento especial. Señalan, además, quiénes pueden solicitarlo y qué ha de disponer la resolución que, una vez celebrada la vista, emita el tribunal ante el cual se presentó la petición.[9]

■ Del historial legislativo de la Ley Núm. 91, *supra*, Informe de la Comisión de lo Jurídico a la Cámara de Representantes respecto al P. de la C. 1065 (2 Diario de Sesiones de la Asamblea Legislativa (Ordinaria), T. 2, págs. 1520–1521 (1953)), surge con claridad la intención de proveer un remedio adicional de carácter sumario:

"'(f) La resolución podrá ser ordenando la paralización permanente de los actos en la petición o dejando definitivamente sin efecto la orden provisional. Toda resolución deberá darse por escrito y contendrá una exposición de las alegaciones principales de la petición y de la prueba producida por ambas partes, una referencia al mapa, plano o ley alegadamente infringido, o una transcripción de la disposición reglamentaria aplicable y una exposición de lo que hubiese demostrado la inspección ocular.

"'(g) Las resoluciones y órdenes serán apelables para el Tribunal correspondiente de superior jerarquía. En tales apelaciones y en lo aquí no provisto regirán los términos y procedimientos que rigen las apelaciones en las acciones ordinarias, pero el récord lo constituirá el expediente original, que deberá ser elevado al tribunal de apelación. En caso de que la apelación se funde en apreciación de prueba y así se haga constar en el escrito de apelación, podrá elevarse la transcripción de la evidencia. En todos los demás casos se considerarán como finales, a los efectos de la apelación, las adjudicaciones de hecho contenidas en la resolución.

"'(h) El hecho de que se inicie el procedimiento especial aquí previsto impedirá el que pueda dictarse sentencia en una acción criminal sobre los mismos hechos. El hecho de haberse iniciado una acción criminal sobre los mismos hechos, impedirá el que pueda expedirse una orden provisional o permanente bajo este procedimiento especial.

"'(i) Toda persona que violare los términos de una orden provisional o permanente recaída bajo el presente procedimiento especial incurrirá en desacato y será convicta por el tribunal que expidió la orden con multa no menor de $25 ni mayor de $200 o cárcel por un término no menor de diez días ni mayor de tres meses.'" 1953 Leyes de Puerto Rico 323, 325 y 327.

(9) Véanse, bajo el Art. 12 de la Ley Núm. 91 de 16 de junio de 1953, los incisos (a), (b) y (c). Bajo el Art. 28 de la Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. sec. 72), véanse los incisos (a), (b) y (c). "La resolución podrá ordenar la paralización permanente de los actos alegados en la petición o dejar definitivamente sin efecto la orden provisional." Art. 28 de la Ley Núm. 76, *supra*, 23 L.P.R.A. sec. 72(f).

El proyecto tiene por finalidad hacer aquellas reformas en la legislación, reglamentación y trámite relacionadas con los permisos de construcción que la experiencia ha ido señalando es conveniente realizar para aclimatar dicha legislación y reglamentación a las condiciones reales de Puerto Rico.

Se agrega más adelante: El procedimiento de imponer multas diarias no ha dado resultado efectivo en la práctica para evitar las construcciones clandestinas y en sustitución del mismo *en el Proyecto se establece un procedimiento especial mediante el cual se podría ordenar la paralización inmediata de obras clandestinas.* Dicho procedimiento concede la oportunidad, a colindantes y vecinos que puedan ser afectados, de instar el mismo. Mediante este procedimiento, a petición jurada ante un juez del Tribunal de Primera Instancia de Puerto Rico de que se está construyendo una obra clandestina e identificando la misma y las personas violadoras, *se puede obtener una orden provisional* del Tribunal dirigida a dichas personas requiriéndolas para que paralicen inmediatamente, bajo apercibimiento de desacato, la obra a que la petición se refiere, hasta tanto se ventile judicialmente su derecho. *Se establece el trámite para este nuevo procedimiento el cual es sumamente rápido, económico y en beneficio de ambas partes.*

La resolución que en su día se dicte se dará por escrito y es apelable por ambas partes ante un Tribunal de superior jerarquía. Muy importante en este procedimiento es que el iniciar la acción que se concede en el mismo evita que se pueda denunciar a la persona que ha constru[i]do clandestinamente y viceversa, o sea, que el hecho de que se inicie una acción excluye la otra.

En relación a la última oración en el inciso (*i*) de dicho procedimiento, hay una disposición que dice "que por cada día y durante todos los días en que se violare la orden provisional o permanente se considerará un delito separado cometido". Tratándose de una orden del Tribunal, el hecho de que la persona continuara la violación de la ley, consistente la misma en continuar la construcción clandestina, violará la orden del Tribunal. Por eso recomendamos su eliminación. (Énfasis suplido.) Diario de Sesiones, *supra*, págs. 1521–1522.

Como podrá observarse, del historial legislativo se desprende con meridiana claridad que la intención del legislador al aprobar el procedimiento especial del Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, fue establecer un mecanismo sumario rápido, limitado a la obtención de órdenes para la paralización inmediata,

provisional o permanente, de obras o usos contrarios a la ley. Desde sus comienzos, el procedimiento provisional de paralización inmediata era un procedimiento independiente complementario y, por lo tanto, de ser favorable la resolución del tribunal a la posición de A.R.PE., ésta podía promover entonces cualquier otro de los remedios que mencionan los Arts. 26 y 28 de su Ley Orgánica, 23 L.P.R.A. secs. 71*y* y 72, según lo ameritara el caso en particular.(10)

El Art. 28 de la Ley Orgánica de A.R.PE., *supra*, actualmente contiene dos (2) partes. En la primera parte se autoriza tanto al Administrador de A.R.PE. como al Secretario de Justicia y a cualquier propietario u ocupante de una propiedad vecina que resulte o pueda resultar perjudicado a instar, además de los otros remedios provistos por ley, recurso de interdicto para, entre otras cosas, "remover" y "demoler" cualquier edificio construido. La segunda parte es la que se refiere al procedimiento

---

(10) Sobre este particular, en la Exposición de Motivos de la Ley Núm. 35 de 17 de agosto de 1990, se expresó:

"La planificación adecuada es un asunto de gran interés público especialmente en un país industrializado, de poca extensión territorial y densamente poblado como Puerto Rico. El propósito de la Asamblea Legislativa al proveer distintos mecanismos en los Artículos 18, 25, 26, 28 y 29 de la Ley Núm. 76 de 24 de junio de 1975, según enmendada, para detener o eliminar cualquier violación a los Reglamentos de Planificación fue precisamente permitir la agilidad y efectividad de las agencias al poner en vigor las disposiciones de la ley." (Escolio omitido.) 1990 Leyes de Puerto Rico 136–137.

Con relación al carácter provisional del Art. 28 de la Ley Orgánica de A.R.PE., *supra*, cabe también señalar que en nuestro sistema de derecho existen otras leyes cuya naturaleza es de carácter provisional únicamente y donde se requiere de una acción ulterior e independiente para adjudicar finalmente la controversia, sin que por ello se violente la doctrina de cosa juzgada. Véase, de forma ilustrativa, la Ley Núm. 140 de 23 de julio de 1974, conocida como Ley Sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. sec. 2871 *et seq*. Esta ley sirve de complemento y paso anterior al uso de los remedios que se conceden bajo el Art. 277 del Código de Enjuiciamiento Civil de Puerto Rico, enmendado por la Ley Núm. 22 de 29 de abril de 1974, conocida como Ley sobre Perturbación o Estorbo, 32 L.P.R.A. sec. 2761.

En cuanto al Art. 26 de la Ley Orgánica de A.R.PE., 23 L.P.R.A. sec. 71*y*, éste va dirigido a autorizar expresamente a A.R.PE. a instar "el recurso adecuado en ley para impedir, prohibir, anular, vacar, remover o demoler cualquier edificio construido, usado o mantenido en violación de este Capítulo o de cualquiera de los reglamentos que regulen la construcción y uso de edificios y pertenencias en Puerto Rico. Se autoriza, además, a la Administración a iniciar el trámite judicial correspondiente para que el tribunal ordene a las correspondientes agencias de servicio público a suspender sus servicios a toda pertenencia que se construya, amplíe o use en violación a los Reglamentos de Planificación".

especial específicamente. En ésta se limita la orden a concederse por el tribunal a la paralización provisional o permanente. En síntesis, resolvemos que el procedimiento especial provisto por el Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, tanto en el momento en que se creó como al presente, es un recurso adicional e independiente que persigue un propósito específico y limitado: la paralización de obras o de usos que constituyan violaciones a la ley.

Con relación a la designación del Tribunal de Primera Instancia como aquel con competencia para entender en el procedimiento especial establecido por el Art. 28 de la Ley Orgánica de A.R.Pe., *supra*, en el debate que precedió la aprobación de la Ley Núm. 91, *supra*, se expresó lo siguiente:

Sr. POLANCO ABREU: . . . El propósito de usar este lenguaje era no hacerlo mandatorio en ningún caso específico, compañero Arjona. Si S.S. lo señala, señala específicamente que es en el Tribunal Superior, puede que en un momento dado para la persona afectada, la más deseable es que sea en el Tribunal de Distrito, porque queda más cerca del pueblo donde reside. Ahora, personalmente, no tengo inconveniente en que se señale que sea en el Tribunal de Distrito o en el Tribunal Superior. Me parece más deseable dejarlo así, con el fin de proteger a la persona afectada, y en la esperanza que se radique donde más cercana, el Tribunal más cercano al sitio donde se está construyendo. Diario de Sesiones, *supra*, págs. 1522–1523.

De lo antes transcrito se puede colegir que el propósito de dicha disposición es permitir la presentación del procedimiento especial en el tribunal, ya fuere de Distrito o Superior, del lugar donde se ocasione menos trastornos al querellado.

■ En conformidad con todo lo antes expuesto concluimos que el tribunal de instancia erró al desestimar la causa de acción de A.R.Pe. El procedimiento sumario que provee la ley es de alcance limitado; entiéndase, la mera paralización. No es aplicable, por lo tanto, la doctrina de cosa juzgada en su modalidad de fraccionamiento de la causa de acción cuando con posterioridad se gestiona ante el Tribunal Superior un *injunction* permanente donde se solicita la demolición de la obra.

Por todo lo antes expuesto, *se dictará sentencia revocando la recurrida y devolviendo el caso al tribunal de instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.*[11]

---

[11]   Ante el resultado a que hemos llegado, no es necesario discutir el tercer señalamiento de error.