# 2000 DTA 122

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ
PANEL I**

INVESTMENTS GP & SR, INC.
Apelante

v.

S.F.P.R., INC., K-MART CORP., GILBRALTAR CONSTRUCTION CO.
Apelados

Núm. KLAN-99-01357

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez López Vilanova
y los Jueces Córdova Arone y Escribano Medina

López Vilanova, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Investments Group y SR, Inc., apela de una sentencia emitida por el Tribunal de Primera Instancia el 15 de octubre de 1999, que desestimó la Petición presentada por la apelante, al amparo del Art. 28 de la Ley Núm. 76 de 24 de junio de 1975, 23 L.P.R.A. sec.72.

Examinemos los hechos que motivaron la presentación del recurso.

### I

El 11 de enero de 1999, Investments GP y SR, Inc., presentaron ante el Tribunal de Primera Instancia, Petición para que el tribunal ordenara la paralización de la construcción y/o permisos de uso del Centro Comercial Western Plaza. Alegaron que procedía la paralización solicitada hasta que los apelados cumplieran con varias disposiciones reglamentarias. La Administración de Reglamentos y Permisos (A.R.P.E.) compareció como *amicus curiae*.

Luego de varios incidentes procesales, S.F.P.R., Inc., K-mart Corp., y Gibraltar Construction solicitaron la desestimación de la acción presentada por Gibraltar por, entre otras razones, entender que el Art. 28 de la Ley Núm. 76, *supra*, es inaplicable al caso, toda vez que los apelados cuentan con los permisos de construcción y de uso.

El 15 de octubre de 1999, el tribunal acogió la Solicitud de Desestimación como una solicitud de sentencia sumaria y desestimó. ▪ Concluyó que ante la ausencia de planteamiento sobre ilegalidad de la construcción, el Art. 28 de la Ley Núm. 76, *supra*, 23 L.P.R.A. sec. 72, no era el mecanismo adecuado para que el apelante instara su causa de acción. Resolvió, además, que la Junta de Apelaciones sobre Construcciones y Lotificaciones (J.A.C.L.), es quien tiene jurisdicción exclusiva para revisar las actuaciones y resoluciones de la Administración de Reglamentos y Permisos (A.R.P.E.).

Los apelantes solicitaron Reconsideración que fue declarada No Ha Lugar, el 29 de noviembre de 1999.

Inconformes, presentaron el recurso de epígrafe. Sostienen que incidió el Tribunal de Primera Instancia al concluir que el Art. 28 de la Ley Núm. 76, *supra*, 23 L.P.R.A. 72, es inaplicable al caso. Señalan, además, que erró el foro *a quo* al acoger la Moción de Desestimación de los apelados como una solicitud de sentencia sumaria, toda vez que entienden existe controversia de hecho. No tienen razón los apelantes.

### II

La Ley Orgánica de la Administración de Reglamentos y Permisos, (A.R.P.E.), Ley Núm. 76 de 24 de junio de 1975, establece que esta agencia tiene el deber de *"aplicar y velar el cumplimiento de , sus propios reglamentos, de los Reglamentos de Planificación que haya adoptado o adopte la Junta de Planificación de Puerto Rico, para el desarrollo, subdivisión y uso de terrenos y para la construcción y uso de edificios, así como el cumplimiento de toda ley estatal, ordenanza o reglamentación de cualquier organismo gubernamental que regule la construcción en Puerto Rico."* 23 L.P.R.A. sec.71 d(p). Véase, además, *A.R.P.E. v. Ozores*, 116 D.P.R. 816 (1986).

Conforme a este mandato legislativo, el Art. 26 de la Ley Núm. 76, *supra*, le otorgó facultad a ARPE para

instar cualesquiera de los recursos adecuados en ley para impedir o prohibir que cualquier edificio sea usado en violación de la ley o de cualquier reglamento que regule el uso de edificios y pertenencias en Puerto Rico. 23 L. P.R.A. sec. 71y.

La Ley Núm. 76, *supra*, autoriza a ARPE a solicitarle al Tribunal de Primera Instancia que expida órdenes para la paralización inmediata, provisional o permanente, de obras o usos contrarios a la ley. Art. 28 de la Ley Núm. 76, *supra*, 23 L.P.R.A. sec. 72. A estos efectos, el Art. 28 dispone en lo pertinente;

*"El Administrador o el Secretario de Justicia en los casos en los que aquí se solicite a nombre del Pueblo de Puerto Rico, o de cualquier propietario u ocupante de una propiedad vecina, que resultare o pudiera resultar perjudicado por cualesquiera de dichas violaciones, además de los otros remedios provistos por ley, podrá entablar recurso de interdicto, mandamus, nulidad o cualquier otra acción adecuada para impedir, prohibir, anular, vacar, remover o modificar la instalación, construcción, erección, reconstrucción, relocalización, alteración o exhibición de rótulos o anuncios, incluyendo las planchas o plataformas donde éstos se exhiban en violación de este Capítulo de cualesquiera reglamentos adoptados, conforme a la ley, cuya estructuración le haya sido encomendada a la Administración.*

*A estos fines, se provee el siguiente procedimento especial:*

*(a) Cuando por persona o autoridad con derecho a ello, se presente petición jurada ante un juez del Tribunal de Primera Instancia de Puerto Rico identificando un edificio o casa, rótulo o anuncio, alegando que el mismo está siendo contruido, instalado, eregido, exhibido, mantenido, ampliado, reparado, trasladado, alterado, reconstruido, o usado, o demolido, en violación de este Capítulo o de los reglamentos, mapas o planos aplicables especificando los actos constitutivos de dicha violación e identificando de la persona o personas que estén cometiendo la violación en cuestión, el Tribunal expedirá una orden provisional dirigida a dichas personas requiriéndoles para que paralicen inmediatamente, bajo apercibimiento de desacato, la obra, uso o instalación a que la petición se refiere, hasta tanto se ventile judicialmente su derecho."* (Enfasis suplido.) 23 L.P.R.A. sec. 72.

El procedimiento establecido en el Art. 28 de la Ley Núm. 76, *supra*, 23 L.P.R.A. sec.72., es de naturaleza estatutaria, especial y sumaria, limitado a la obtención de órdenes de paralización de obras o usos. *ARPE v. Rodríguez,* 127 D.P.R. 793, 808-809 (1991). Su razón de ser es hacer viable, a la vez que vindicar el cumplimiento de la ley de ARPE y la reglamentación correspondiente. *Id.*, a la pág. 803. Cuando ARPE deniega un permiso de uso, su decisión establece un estado provisional de derecho sujeto a los resultados de la apelación, ▮ por lo que la agencia puede hacer valer tal estado mediante el recurso interdictal autorizado por el Art. 28 de la Ley Núm. 76, *supra. A.R.P.E. v. Ozores,* 116 D.P.R. 816, 822 (1986). (Enfasis suplido.)

Cuando una parte no está conforme con la decisión de ARPE, nuestro ordenamiento jurídico provee remedios administrativos y judiciales para revisar dichas determinaciones. El procedimiento especial y sumario radicado al amparo de la Ley Orgánica de ARPE, Ley Núm. 76, *supra*, no es el vehículo adecuado para que el tribunal juzgue la actuación administrativa. La Junta de Apelaciones sobre Construcciones y Lotificaciones (J. A.C.L.), es el organismo apelativo con jurisdicción apelativa exclusiva para revisar las actuaciones o resoluciones de ARPE relacionadas con permisos de uso o construcción. Art. 31 de la Ley Núm. 76 de 24 de junio de 1975, 23 L.P.R.A. Sec. 72a; Véase, además, *Junta de Planificación v. J.A.C.L.,* 109 D.P.R. 210 (1979). Si los apelantes no estaban conformes con la concesión de los permisos de uso y construcción, debieron apelar ante la J.A.C.L.

*"[E]l procedimiento especial provisto por el Art. 28 de la Ley Orgánica de A.R.P.E., supra, tanto en el momento en que se creó como al presente, es un recurso adicional e independiente que persigue un propósito específico y limitado, la paralización de obras o de usos que constituyan violaciones a la ley." A.R.P.E. v. Rodríguez,* 127 D.P.R. 793 (1991).

Las apeladas cuentan con los correspondientes permisos de urbanización, construcción y de uso para operar el centro comercial. ■ Surge, además, del expediente que la parte apelante inició un procedimiento administrativo ante A.R.P.E., por los mismos hechos alegados en la demanda desestimada.

La apelante sostiene que inició un procedimiento administrativo ante la A.R.P.E. mucho antes de que los apelados obtuvieran sus permisos y que la agencia siguió adelante con la otorgación de los mismos sin que los solicitantes hubiesen cumplido con los reglamentos de la Junta de Planificación. En ese caso, al contar la apelada con los permisos correspondientes, se torna académica la Petición presentada por los apelantes, al amparo del Art. 28 de la Ley Núm 76, *supra*.

El Art. 28 de la Ley Núm.76, *supra*, no es el procedimiento establecido para cuestionar la legalidad de un permiso de uso o construcción. El procedimiento especial que provee el Art. 28 de la Ley Núm.76, *supra*, no es sustituto del recurso apelativo disponible para la parte afectada por una acción o determinación de la agencia.

Un uso o construcción es contrario a la ley cuando la parte opera o construye sin el permiso que otorga la agencia reguladora. No es este el caso ante nos, por lo que no erró el foro *a quo* al desestimar la Petición de la apelante.

### III
Por último, Investments Group & SR señala que incidió el Tribunal de Primera Instancia al acoger la solicitud de desestimación de los apelados como una Moción de Sentencia Sumaria. Diferimos.

La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que cuando en una moción se solicita la desestimación de una reclamación por no exponer hechos que justifiquen la concesión de un remedio y, además, se exponen materias no contenidas en la alegación impugnada, si el tribunal no las excluye, la moción deberá ser considerada como una solicitud de sentencia sumaria. 32 L.P.R.A. Ap.III, R. 10.

La sentencia sumaria es un mecanismo procesal extraordinario y discrecional, que procede cuando la parte promovente le demuestra al tribunal que no existe necesidad de que se celebre una vista evidenciaria. El tribunal podrá dictar sentencia sumaria cuando los documentos sometidos por las partes y aquellos que obran en el expediente, demuestran que no hay hechos materiales esenciales en controversia y que como cuestión de derecho procede dictar sentencia sumaria. *"Bajo estas circunstancias, la norma de economía procesal, Regla 1 de Procedimiento Civil, aconseja que se solucione el pleito de esta forma."* Véase Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.36; *Medina Morales v. Merck, Sharp & Dhome*, **94 J.T.S. 52.**

La conversión de una moción de desestimación en una de sentencia sumaria, puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, someten materia que no formó parte de las alegaciones. El tribunal tiene discreción para aceptar o no la materia evidenciaria que se acompaña. *Torres v. Rivera*, **97 J.T.S. 77**, pág. 1091.

En el caso ante nos, las apeladas presentaron una Moción de Desestimación en la que alegaron que no procedía el remedio solicitado al amparo del Art. 28 de la Ley Núm.76, *supra*, y que las agencias concernidas tenían jurisdicción primaria exclusiva sobre el asunto planteado. Acompañaron como prueba documental, una moción sometida ante la ARPE por la apelante para que dicha agencia continuara con los procedimientos relativos a una querella presentada por Investments GP, y copia de una comunicación de la ARPE en la que la agencia indicó que la querella estaba bajo evaluación y señaló una vista. Las apeladas presentaron, además, copia de los permisos otorgados por las agencias concernidas que establecen la legalidad de la construcción y del uso.

Investments GP & SR, Inc. no presentó prueba que refutara la legalidad de lo permisos, por lo que la parte apelante no demostró que hubiese controversia real sobre hechos esenciales.

El Tribunal de Primera Instancia tenía discreción para acoger la Moción de Desestimación de las apeladas como una Solicitud de Sentencia Sumaria. No hallamos nada en el expediente que justifique nuestra intervención con el ejercicio de discreción de dicho foro. Como cuestión de derecho, la Petición de los apelantes, al amparo del Art. 28 de la Ley Núm. 76, es improcedente. Dicho procedimiento especial y sumario no es sustituto del recurso apelativo disponible para revisar determinaciones de la ARPE.

## IV

Con estos antecedentes, se confirma el dictamen apelado.

Notifíquese.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General