ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MUNICIPIO AUTÓNOMO DE SALINAS; ESTADO LIBRE ASOCIADO DE PUERTO RICO en representación del DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES**<br><br>Peticionario<br><br>v.<br><br>**PABLO VERGARA RAMOS; JUDITH AGNES RIVERA DÍAZ y la sociedad legal de gananciales compuesta por ambos**<br><br>Recurrido | KLCE202400042 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Guayama**<br><br>Civil Núm.: **GM2023CV00959**<br><br>Sobre: Injunction (entredicho provisional, injunction preliminar y permanente) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2024.

Mediante *Petición de Certiorari* instada el 11 de enero de 2024, comparece ante nos el Municipio Autónomo de Salinas (Municipio) y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico (DRNA) (en conjunto, parte peticionaria) y solicitan que revisemos dos (2) órdenes notificadas por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI), el 9 de enero de 2024. Por medio de éstas, el TPI permitió a la parte recurrida, el señor Pablo Vergara Ramos, su esposa Judith Rivera Díaz y la Sociedad Legal de Bienes Gananciales compuesta por ambos (matrimonio Vergara Rivera), contestar la demanda de epígrafe y le concedió un término de 10

días para presentar una reconvención. Ello, dentro de un pleito de *injunction* estatutario al amparo de la Ley Núm. 161-2009, *infra.*

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos los dictámenes recurridos.

**I.**

Según surge del expediente, el **28 de noviembre de 2023**, el Municipio Autónomo de Salinas y el Departamento de Recursos Naturales incoaron una *Demanda* de *injunction* estatutario al palio de la Ley Núm. 161-2009, contra el matrimonio Vergara Rivera. Alegaron que éstos iniciaron, mantenían y disfrutaban de ciertas construcciones en el Camino los Indios, Sector Las Mareas, sin los permisos ni autorizaciones correspondientes. Adujeron que el Tribunal debía declarar la ilegalidad de las construcciones, ordenar la paralización inmediata y permanente del uso de la estructura, así como la demolición de toda estructura construida dentro de la propiedad en cuestión. También requirieron el pago de una suma no menor de $5,000.00 por concepto de costas y honorarios de abogados.

A raíz de lo anterior, el **4 de diciembre de 2023**, el TPI dictó una *Orden y Citación,* en la cual citó al matrimonio Vergara Rivera a comparecer a una **vista inicial** a celebrarse el **18 de enero de 2024**. El 19 de diciembre de 2023, el Municipio y el Departamento de Recursos Naturales acreditaron al tribunal el diligenciamiento personal de citación a los componentes del matrimonio Vergara Rivera.

Tras varios trámites, el **4 de enero de 2024**, el matrimonio Vergara Rivera contestó la demanda. Ese mismo día, solicitó al foro primario un término adicional para presentar una reconvención, a tenor con lo dispuesto en la Regla 11.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.4. El Municipio y el Departamento de Recursos

Naturales se opusieron al antedicho petitorio, bajo el fundamento de que el trámite del pleito de referencia era uno sencillo, que se reducía a probar si el matrimonio Vergara Rivera ostenta o no permisos para construir las obras descritas en la demanda. Añadieron que, precisamente por su carácter sumario, el Artículo 14.1 de la Ley Núm. 161-2009 no contempla la reconvención como una alegación que pueda presentarse.

Así las cosas, el **9 de enero de 2024**, el Tribunal de Primera Instancia notificó los pronunciamientos que hoy revisamos. Según adelantamos, se aceptó la contestación de la demanda y se le concedió al matrimonio Vergara Rivera el término de 10 días solicitado para presentar una reconvención.

En desacuerdo, el Municipio y el Departamento de Recursos Naturales acuden ante nosotros y aducen que el TPI cometió los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al autorizar la presentación de una reconvención dentro del procedimiento especial y de carácter sumario contemplado en el Art. 14.1 de la Ley Núm. 161-2009.

> Erró el Honorable Tribunal de Primera Instancia al autorizar la presentación de una reconvención a tenor con la Regla 11.4 de Procedimiento Civil aun cuando la parte recurrida admite que conocía la alegada causa de la reconvención con anterioridad a la presentación de la demanda.

Junto a su recurso, el Municipio y el Departamento de Recursos Naturales instaron una *Urgente Solicitud en Auxilio de Jurisdicción,* con el propósito de que se paralizaran los efectos de las órdenes recurridas. Añadieron que ningún efecto práctico tendría que se concediera el remedio solicitado con posterioridad a que se presente la reconvención y se le obligue contestarla, sucumbiendo en un procedimiento ordinario que rechaza toda la política pública que persigue la aprobación de los remedios extraordinarios contemplados en el Art. 14.1 de la Ley Núm. 161-2009.

El 12 de enero de 2024, emitimos *Resolución,* mediante la cual concedimos a la parte recurrida un término para someter su posición en torno a la solicitud de paralización de los procedimientos y al recurso de *certiorari.* Presentada su *Memorando en Oposición a Expedición de Auto de Certiorari,* procedemos a resolver con el beneficio de la comparecencia de todas las partes.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR__(2023); *Torres González v. Zaragoza Meléndez,* 211DPR___(2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

En lo concerniente a la controversia que hoy revisamos, el Art. 14.1 de la Ley Núm. 161-2009, conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, 23 LPRA sec. 9024, según enmendada,[2] dispone lo siguiente:

> La Junta de Planificación, así como cualquier entidad gubernamental concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público o una persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: (1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa; (2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; (3) la paralización de un uso no autorizado; (4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado.
>
> [...]
>
> **El Tribunal de Primera Instancia deberá celebrar vista dentro de un término no mayor de diez (10) días naturales desde la presentación del recurso y deberá dictar sentencia en un término no mayor de veinte (20) días naturales desde la celebración de la vista.**
> En aquellos casos en los cuales se solicite la paralización de una obra o uso, de ser la misma ordenada por el tribunal, se circunscribirá única y exclusivamente a aquellos permisos, obras o uso impugnado, mas no a ningún otro que se lleve a cabo en la propiedad y que cuente con un permiso o autorización debidamente expedida.
>
> [...]
>
> (Énfasis nuestro).

El *injunction* estatutario es independiente del tradicional y, por consiguiente, generalmente exento de la normativa aplicable a este último. Los requisitos del *injunction* tradicional son más

---

[2] El mencionado Artículo fue enmendado por el Art. 53 de la Ley Núm. 151-2013 y el Art. 49 de la Ley Núm. 19-2017.

rigurosos que los exigidos para el estatutario. En particular, la concesión de un *injunction* estatutario requiere un tratamiento especial, enmarcado en un examen o escrutinio judicial más acotado. *Next Step Medical v. Bromedicon et al.*, 190 DPR 474, 497 (2014).

En *ARPe v. Rivera*, 159 DPR 429, 443-444 (2003), el Tribunal Supremo de Puerto Rico expresó, en el contexto de interdictos estatutarios y procedimientos especiales como el proscrito en el Art. 14.1 de la Ley Núm. 161-2009, que:

> [C]oncluimos que el mecanismo que provee dicho articulado es estatutario, especial y sumario, **limitado a la obtención de órdenes para la paralización inmediata, provisional o permanente de usos contrarios a la ley**. *A.R.PE. v. Rodríguez*, 127 DPR 793, 808-809 (1991). (Énfasis nuestro).

### III.

Por medio de sus dos (2) señalamientos de errores, la parte peticionaria esboza que el foro *a quo* se equivocó al emitir los pronunciamientos recurridos. Alega que, ante la presentación de la demanda sobre *injunction* estatutario, lo correcto era que el tribunal determinara preliminarmente si la controversia está o no cobijada por el estatuto citado. Es decir, si la parte recurrida ostenta o no permisos para usar y construir una obra en el lugar concernido.

Así, la parte peticionaria aduce que, el TPI, en un acto *ultra vires*, señaló la vista a celebrarse en este caso bajo la Ley Núm. 161-2009 en un término mayor a los 10 días naturales que esta dispone. En esa misma dirección, destaca que el tribunal erró cuando catalogó la vista pautada para el 18 de enero de 2024 como una inicial y no en sus méritos.

En consonancia con lo anterior, la parte peticionaria arguye que el TPI erró al autorizar la reconvención solicitada por la parte recurrida al palio de la Regla 11.4 de Procedimiento Civil, la cual, a su entender, resulta incompatible con el procedimiento estatutario

contemplado en el Art. 14.1 de la Ley Núm. 161-2009. Argumenta que en el carácter especial de la ley bajo la cual se instó la demanda de referencia no procedía la reconvención. Máxime, cuando la parte recurrida conoce de la alegada causa de acción desde antes de contestar la demanda. Particulariza que, si la parte recurrida entiende que tiene alguna reclamación en su contra, debía presentarla en un procedimiento aparte.

Analizado con detenimiento el expediente, si bien reconocemos que, como parte del manejo de sus casos, el TPI tiene amplia facultad para emitir las órdenes o remedios que entienda procedan, en este caso resulta necesaria nuestra intervención con la discreción ejercida. El expediente revela que el trámite por el cual se ha regido el tribunal no es uno sumario y especial, como dicta el estatuto bajo el cual se instó la demanda de epígrafe. Según el Art. 14.1 de la Ley Núm. 161-2009, la vista en el caso de autos debía celebrarse dentro de los 10 días naturales de presentada la demanda, lo cual ocurrió el 28 de noviembre de 2023. Sin embargo, el foro de instancia pautó una vista "inicial" para el 18 de enero de 2024, vulnerando desde el inicio el trámite expedito que persigue la ley aplicable. A su vez, el Tribunal autorizó una reconvención solicitada por la parte recurrida, la cual ciertamente es incompatible con la naturaleza sumaria que dispone el *injunction* estatuario.

Recuérdese que, bajo el mencionado Art. 14.1 de la Ley Núm. 161-2009, solicitado el recurso de *injunction* correctamente, la labor del TPI se ciñe a evaluar los fundamentos y el derecho invocado. Si determina que la parte recurrida incurrió en la infracción alegada por la parte peticionaria, expedirá una orden de paralización. Resolver de otra manera contraviene la intención legislativa y el mecanismo sumario y limitado que dispone el referido Artículo.

Finalmente, por entender que las decisiones recurridas son contrarias a derecho, y bajo los criterios de la Regla 40 de nuestro

Reglamento, resolvemos expedir el recurso de *certiorari* y revocarlas. Ello, con el objetivo de evitar un fracaso de la justicia.

**IV.**

Por las consideraciones que preceden, expedimos el auto de *certiorari* y revocamos los dictámenes recurridos. Se declara *ha lugar* la *Urgente Solicitud en Auxilio de Jurisdicción* presentada por la parte peticionaria. En consecuencia, se dispone que la vista señalada para el 18 de enero de 2024 sea una en sus méritos, conforme lo aquí resuelto. De igual forma, disponemos que la reconvención presentada por la parte recurrida es incompatible con las disposiciones de la Ley Núm. 161-2009, *supra.*

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[3] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin tener que esperar por el recibo de nuestro mandato.

Notifíquese **inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* **no** suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.