ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, representada por su Administrador, ING. LIONEL MOTTA GARCÍA, querellante y recurrente, *v.* FRANKLIN OZORES PÉREZ, querellado y recurrido.

*Número:* O-85-434          *Resuelto:* 15 de enero de 1986

818

Olga M. *Valentín Avilés* y *Raquel Escudero López,* abogadas de
la parte recurrente; *Edgardo L. Delgado Colón,* abogado del
recurrido.

I

PER CURIAM: La Administración de Reglamentos y Permisos (A.R.P.E.) concedió permiso de uso para un llamado
salón de actividades en un distrito C-1 en Aguadilla. Objetado
por vecinos del lugar y luego de la celebración de una vista
administrativa ordenada por A.R.P.E., dicha agencia revocó
el permiso. La parte afectada apeló ante la Junta de Apelaciones sobre Construcciones y Lotificaciones y estando pendiente la apelación, A.R.P.E. recurrió al Tribunal de Distrito
y obtuvo orden para el cierre del local. Ésta fue dejada sin

efecto ante la alegación de la parte afectada de que al apelarse de la decisión de A.R.P.E. ante la Junta quedaron suspendidos los procedimientos ante A.R.P.E. y no podía dicha agencia instar la acción interdictal ante el Tribunal de Distrito. Así lo entendió dicho tribunal, siendo sostenido por el Tribunal Superior.

Atendimos recurso de *certiorari* de A.R.P.E. y concedimos plazo al recurrido para mostrar causa por la cual no debamos revocar. Su comparecencia no nos persuade para que variemos el criterio intimado.

## II

Plantea este caso un aparente conflicto entre los Arts. 28 y 31 de la Ley Orgánica de la Administración de Reglamentos y Permisos (A.R.P.E.), Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. secs. 72 y 72c).

El Art. 28 de dicha ley autoriza al Administrador a entablar recurso de interdicto para impedir o prohibir cualquier uso de un edificio hecho o mantenido en violación a la ley o de cualesquiera reglamentos adoptados conforme a la ley y cuya estructuración le haya sido encomendada a la Administración. Por otro lado el Art. 31 establece que "[u]na vez radicado un escrito de apelación ante la Junta de Apelaciones y notificado el mismo por el apelante, *el organismo o funcionario de cuya actuación se apela, suspenderá todos los procedimientos ante sí,* relativos a la actuación, determinación o resolución de la cual se apela". (Énfasis suplido.)

Aduce el recurrido que conforme al Art. 31, antes citado, se privó de autoridad a A.R.P.E. para entablar un recurso de interdicto (según lo permite el Art. 28 de la ley) en el momento en que el recurrido presentó su escrito de apelación ante la Junta para revisar la revocación del permiso de uso.

En *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 67 D.P.R. 57, 59 (1947), dijimos:

Cuando la legislatura aprueba una ley necesariamente tiene una intención específica. . . . El problema es meramente determinar la intención legislativa, lo cual puede hacerse, considerando el propósito o motivos que tuvo la legislatura al aprobar la ley.

■ La "ley debe interpretarse tomando en consideración los fines que persigue y en forma tal que la interpretación se ajuste al 'fundamento racional o fin esencial de la ley' y a la política pública que la inspira". *Esso Standard Oil* v. *A.P.P.R.*, 95 D.P.R. 772, 785 (1968). "Debe evitarse una interpretación que ocasione grandes inconveniencias o inequidad, prefiriéndose otra que sea más razonable y justa . . . en forma que propicie el sentido y significado razonable deducible de su contenido. . . ." *Román Mayol* v. *Tribunal Superior*, 101 D.P.R. 807, 811 (1973). Las diferentes secciones de un estatuto generalmente deben leerse, en cuanto sea posible, para dar efecto a cada cláusula del estatuto. *Heckler* v. *Chaney*, 53 U.S.L.W. 4385, 4387 (1985).

■ Surge del historial de la ley que crea la A.R.P.E. que uno de los objetivos básicos de este organismo es aplicar y velar por el cumplimiento de las leyes y reglamentos de planificación, y de sus propios reglamentos. Esto incluye autoridad para aprobar reglamentos de carácter interno sobre el trámite de permisos. Véase Informe Conjunto presentado en mayo de 1975 ante la Cámara de Representantes por las Comisiones de Gobierno, de Desarrollo Socioeconómico y de Hacienda sobre el P. del S. 1076. Entre los poderes concedidos al organismo se encuentra el de instar cualesquiera de los recursos adecuados en ley para impedir o prohibir que cualquier edificio sea usado en violación de la ley o de cualquier reglamento que regule el uso de edificios y pertenencias en Puerto Rico. Art. 26 de la ley, 23 L.P.R.A. sec. 71y. El Art. 28 de la ley, 23 L.P.R.A. sec. 72, autoriza expresamente a entablar recursos de interdicto para impedir el uso de un edificio o pertenencia en violación a la ley y los reglamentos.

■ De este examen se desprende la intención legislative de conceder amplia discreción a A.R.P.E. sobre la formulación y mantenimiento de la política pública a seguir con relación al trámite de la concesión y denegación de permisos de uso y la intención de proveer los remedios legales necesarios para que A.R.P.E. pueda velar por el cumplimiento efectivo de sus determinaciones.

> The best zoning ordinance ever enacted by a municipality becomes little more than a hollow shell of an effort in serving the public welfare if it is not enforced with wisdom and vigor. . . . Rigid and impartial enforcement of zoning ordinances is absolutely necessary in the preservation and protection of the local zoning program. 2 *E. C. Yokley, Zoning Law and Practice* Sec. 15.1, pág. 315 (4ta ed. 1978).

■ Es principio harto conocido en Derecho Administrativo que la interpretación administrativa de un estatuto por el organismo encargado de velar por su cumplimiento merece gran respeto y deferencia por los tribunales. *M & V Orthodontics* v. *Negdo. Seg. Empleo,* 115 D.P.R. 183 (1984); *Tormos & D.A.C.O.* v. *F.R. Technology,* 116 D.P.R. 153 (1985). Véase *Murphy Bernabe* v. *Tribunal Superior,* 103 D.P.R. 692, 699 (1975).

En el caso ante nos, la interpretación adoptada por A.R.P.E. es la más razonable y ajustada al propósito del estatuto, que confiere a dicha agencia facultad para adoptar sus propios reglamentos de carácter interno para regular el trámite sobre concesión, denegación y revocación de permisos.

La decisión de A.R.P.E. se tomó en este caso tras celebración de vista en que las partes tuvieron oportunidad de comparecer y ser oídas. A base de ello se determinó revocar el permiso para continuar la operación del llamado salón de actividades, objetado por los vecinos porque, según alegaron, constituía un estorbo a su tranquilidad, a su intimidad, y al libre disfrute de sus hogares debido a ruidos, peleas, bloqueo de estacionamiento y otros actos ofensivos y de desorden.

■ La decisión de A.R.P.E. estableció, cuando menos, un estado provisional de derecho sujeto a los resultados de la apelación. Bajo estas circunstancias A.R.P.E. podía legítimamente hacer valer tal estado mediante el recurso interdictal instado ante el Tribunal de Distrito, autorizado por el Art. 28 de la ley.

■ El Art. 31 (23 L.P.R.A. sec. 72c) tenía el único efecto de suspender *ante la agencia* los procedimientos relativos a la determinación de la cual se apeló. No podía impedir a A.R.P.E. acudir a los tribunales mediante los mecanismos provistos en la ley, para impedir que se continúe durante el transcurso del procedimiento apelativo un uso que la agencia desautorizó. En ocasiones es necesario que el organismo administrativo utilice procedimientos de carácter sumario para dar la debida protección a la salud y bienestar público cuya utilización no se limita exclusivamente a situaciones de emergencia. *Cervecería Corona, Inc.* v. *Srio. Obras Públicas*, 97 D.P.R. 44, 56 (1969).

■ Por los razonamientos expresados, *se expedirá el auto solicitado, se revocarán y dejarán sin efecto la sentencia del Tribunal Superior y la resolución del Tribunal de Distrito y se devolverá el caso al Tribunal de Distrito para la continuación de los procedimientos. Dicho tribunal deberá seguir el procedimiento provisto por el estatuto, Art. 28 de la ley, 23 L.P.R.A. sec. 72. Se declara sin lugar la moción de reconsideración del querellado recurrido.*

El Juez Asociado Señor Negrón García no participó.