Aida Ileana Oquendo Graulau<br>
Secretaria General

### ESCOLIO 97 DTA 103

**1.** *"This mandatory endorsement, which must be attached to all Puerto Rico Single Interest policies, effects cancellation of single interest coverages as of the effective date of any dual interest coverage which is purchased by a retail purchaser and which protects the bank's or finance company's interest in a financed automobile. The cancellation of coverages is predicated (1) upon the bank's being notified of the dual interest coverage and the amendment of the policy to protect the bank's interest or (2) upon the dual interest policy's satisfaction of the bank's interest as a result of a loss in those cases where the bank receives no notification of such dual interest coverages prior to a loss.*

*Once either one of these conditions is satisfied, the single interest coverages are cancelled retroactively to the effective date of such dual interest coverages and a pro rata return is made."*

# 97 DTA 104

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

MARIANA MUÑOZ RIVERA
Querellante-Recurrente

v.

PUERTO RICO TELEPHONE COMPANY
Querellada-Recurrida

Núm. KLRA-96-00279

San Juan, Puerto Rico, a 30 de abril de 1997

Panel integrado por su presidenta, la Juez Fiol Matta, la Juez Rodríguez de Oronoz y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La recurrente Mariana Muñoz Rivera (en adelante, Muñoz) nos solicita la revisión de una Resolución de su patrono, la Puerto Rico Telephone Company (en adelante, PRTC), mediante la cual ésta desestimó la queja que instara Muñoz tras la cancelación de una requisitoria de personal a la cual ella había contestado. Dicha resolución fue emitida y notificada el 27 de agosto de 1996. La solicitud de revisión fue presentada ante este Tribunal el 26 de septiembre de 1996.

La recurrida PRTC presentó un Memorando el 7 de octubre de 1996 en el cual alega que carecemos de jurisdicción para entender en este recurso porque la recurrente no solicitó reconsideración ante la PRTC. Muñoz presentó su Réplica el 8 de noviembre de 1996. Este Tribunal emitió Resolución el 13 de noviembre de 1996, en la cual ordenamos a la recurrida la presentación de su oposición a la solicitud de revisión. El escrito fue presentado el pasado 3 de enero de 1997.

Tras haber examinado los autos, el derecho y la jurisprudencia pertinente, concluimos que contamos con jurisdicción y que procede **EXPEDIR** el auto para **CONFIRMAR** la Resolución recurrida.

En primer lugar, debemos aclarar que conforme a las enmiendas efectuadas a la Ley de Procedimiento Administrativo Uniforme (3 L.P.R.A. Secciones 2101, *et seq.*) por el Artículo 4 de la Ley Número 247 de 25 de diciembre de 1995, la reconsideración ante la agencia ya no es un requisito jurisdiccional para la revisión judicial. Así lo ha interpretado el Tribunal Supremo de Puerto Rico en *Aponte Correa v. Policía,* **96 J.T.S. 157,** páginas 383-384:

*"Recientemente, a fines de 1995, la Asamblea Legislativa eliminó la disposición de la Sec. 3.15 de la L.P.A.U. que requería la reconsideración ante la agencia administrativa como requisito jurisdiccional para la revisión judicial. Lo hizo, por entender que dicha medida era "una pérdida de tiempo". Así, pues, hoy la reconsideración mandatoria, como regla general, no existe ni siquiera para la revisión judicial de una decisión administrativa. Tal reconsideración conserva el carácter jurisdiccional, sólo cuando expresamente lo dispone algún estatuto posterior a la referida enmienda de 1995 de la L.P.A.U., como en el caso de las determinaciones de la Comisión Industrial de Puerto Rico, que según la Ley Número 63 de 1 de julio de 1996, sigue siendo mandatoria."* (Subrayado nuestro).

Dado que no hay una ley especial posterior a las enmiendas a la L.P.A.U. que exija la reconsideración ante la PRTC como requisito jurisdiccional para la revisión judicial, procede aplicar la regla general que fuera expuesta en la antes citada jurisprudencia. Aclarado el asunto jurisdiccional, examinemos los hechos que condujeron a esta solicitud de revisión.

## II

El 19 de diciembre de 1994, la PRTC publicó una requisitoria de personal para la plaza de Secretaria Legal BVP, cuya función básica era realizar labores secretariales y asistir al Vicepresidente de Recursos Humanos, Asuntos Legales y Seguridad Corporativa en trabajos rutinarios administrativos (véase, Públicación RG-94-14 de la PRTC, página 25, Ap. del escrito de revisión). Muñoz, quien trabaja en la PRTC como Secretaria Legal AVP, impugnó la requisitoria el 3 de enero

de 1995, mediante la queja Número 93-3 por entender que la plaza anunciada comprendía las funciones que ella realiza en su puesto. También sometió ese día una petición de cambio para el puesto BVP.

Al no recibir contestación, Muñoz envió una comunicación al director de Relaciones con los Empleados, señor Meléndez, el 13 de febrero de 1995. Esta fue contestada mediante carta en que le informaba la asignación de la queja a un Oficial Investigador y fijaba la fecha para una reunión, la cual fue realizada el 2 de marzo de 1995. No obstante, Muñoz cursó dos misivas al señor Meléndez, el 29 de marzo y el 17 de mayo de 1995, para inquirir sobre el status de su queja y solicitar contestación a la misma. También escribió el 17 de mayo de 1995 al Presidente de la PRTC para solicitar su intervención en el asunto.

El 30 de mayo de 1995, el señor Meléndez contestó a Muñoz que *"después de haber hecho las investigaciones pertinentes, entendemos que usted no tiene ningún derecho de propiedad sobre la referida plaza para sostener esta queja."* Además, le informó de su derecho a revisar esa determinación ante el Presidente de la PRTC.

Tras recibir la desestimación de su queja, el 7 de junio de 1995, Muñoz solicitó al Presidente la designación de un oficial examinador para que revisara la determinación.

El 17 de agosto de 1995, la Vicepresidente de Asuntos Legales, Recursos Humanos y Seguridad Corporativa, Lcda. Gladys Batista, solicitó la cancelación de la requisitoria para la plaza de Secretaria Legal BVP debido a que iba a ser trasladada y no ocuparía ya la posición de Vicepresidente para la cual había solicitado una secretaria. Así las cosas, el 26 de septiembre de 1995, el Departamento de Reclutamiento de la PRTC contestó en la negativa a la petición de cambio sometida por Muñoz y le informa que la plaza había sido cancelada.

Muñoz cursó una comunicación al señor Meléndez -- Director de Relaciones de Empleados-- el 29 de septiembre de 1995 en la cual impugnó la cancelación de la plaza y solicitó expusieran por escrito las razones para cancelar la plaza de Secretaria Legal BVP. El 17 de octubre de 1995 la nueva queja, Número 95-169, fue asignada a una oficial investigadora. Más adelante, el 30 de noviembre, la queja fue desestimada mediante comunicación a Muñoz la cual le advierte sobre su derecho a solicitar revisión. Así lo hizo la recurrente al acudir ante el Presidente de la PRTC para que designara un oficial examinador para su caso. El oficial fue designado y tras haber sido señalada una vista, la PRTC sometió Moción de Desestimación en la que planteó que el oficial no tenía facultad para revisar la cancelación de la plaza, puesto que esa no es una de las áreas esenciales al·principio del mérito sino una decisión que queda a discreción de la Compañía. La representación legal de Muñoz presentó su Oposición el 3 de mayo de 1996 y la PRTC replicó el 28 de mayo. El oficial examinador emitió y notificó su Resolución el 27 de agosto de 1996, en la cual desestimó la queja por determinar que carece de jurisdicción para atender una impugnación de cancelación de plaza.

Muñoz presentó ante este Tribunal la solicitud de revisión de epígrafe el 26 de septiembre de 1996. La Oposición fue presentada ante nos el 3 de enero de 1997, por lo que nos encontramos en posición para resolver.

### III
La PRTC es una corporación a la cual *"para ciertos asuntos o negocios jurídicos de acuerdo al caso en particular se le considerará como corporación pública o corporación privada,"* *Torres Solano v. P.R.T.C.*, **90 J.T.S. 122,** página 8201.

El estar organizada como una corporación privada le otorga ciertas ventajas, tales como *"evitar el formalismo y la reglamentación rígida para promover la eficiencia y la originalidad gerencial,"* *Torres Ponce v. Jiménez,* 113 D.P.R. 58, 63 (1982). Muestra de ello es la exclusión de la PRTC de la aplicación de la Ley de Personal, Ley Número 5 de 14 de octubre de 1975, según enmendada, 3 L.P.R.A. Secciones 1301, *et seq.* No obstante su organización como corporación privada, el principio del mérito también es aplicable a la PRTC, *Torres Ponce, supra*, página 70.

El principio del mérito conlleva que los más aptos, de acuerdo a sus méritos y capacidades, sean

los que sirvan al gobierno, de suerte que en la administración de la cosa pública el Estado alcance los más altos niveles de excelencia y productividad en los servicios que brinda al Pueblo, 3 L.P.R.A. Secciones 1311 y 1312; *Torres Solano, supra*. Por eso existe un mandato legislativo para que aquellas ramas, agencias e instrumentalidades del Gobierno excluidas de la Ley de Personal adopten reglamentos que incorporen el principio de mérito para regir las normas de personal de aquellos empleados no cubiertos por convenios colectivos, *Reyes Coreano v. Director*, 110 D.P.R. 40, 47 (1980); *Olivieri Morales v. Pierluisi*, 113 D.P.R. 790, 798 (1983). Conforme a la decisión de *Torres Ponce v. PRTC, supra*, y la Sección 10.6 de la Ley de Personal, *supra*, 3 L.P.R.A. Sección 1338, la PRTC adoptó el Reglamento de Personal para Empleados Gerenciales de la Puerto Rico Telephone Company (en adelante, el Reglamento). La recurrente alegó ante la PRTC que la decisión de ésta de cancelar la requisitoria de personal para la plaza de Secretaria Legal BVP está prohibida por el principio de mérito, según plasmado en el Reglamento. Sin embargo, el referido Reglamento no prevé la cancelación de plazas como un área sujeta al principio de mérito:

*"El Reglamento establece las bases para **seleccionar, adiestrar, ascender, descender, trasladar** y **retener** a sus empleados en consideración al mérito y a su capacidad sin discriminar por razones de raza, color, sexo, edad, origen o condición racial, ideas políticas o religiosas, (Disposiciones generales, página 1). (Enfasis suplido).*

*Areas Esenciales al Principio de Merito Significa: 1) **clasificación de plazas, 2) reclutamiento y selección, 3) ascensos, traslados y descensos, 4) adiestramiento, 5) retención en la Compañía,"*
(Artículo 14.1) (Enfasis suplido).

Por el contrario, las únicas referencias que hace el Reglamento sobre cancelación de plazas demuestran que éste prevé, aunque no regula, la cancelación: Sección 7.6 (3):

*"**Como resultado de la dinámica en la organización** y para mantener al día el Plan de Clasificación, se efectuarán modificaciones al mismo mediante la alteración, **eliminación**, consolidación y segregación de plazas; a fin de que el Plan refleje la realidad organizacional de la Compañía."* (Enfasis suplido). Sección 8.7 (5)(b):

Los registros podrán cancelarse en circunstancias como las siguientes:

*"...(b) **cuando se ha eliminado la plaza** para la cual se estableció."* (Enfasis suplido).

Este Tribunal coincide con el planteamiento de la recurrida a los efectos de que la cancelación de una requisitoria de personal para cierta plaza es una decisión que queda a discreción de la Compañía, según las necesidades del servicio. Cabe recordar que la PRTC está organizada como una corporación privada. Permitir que un empleado impugne una decisión como esta resulta incompatible con dicha estructura organizacional, la cual precisamente persigue incorporar las ventajas de la empresa privada a la administración pública. La PRTC, como las corporaciones privadas, tiene discreción en cuanto al modo de organizar su personal de forma tal que llene las necesidades de servicio sin sacrificar la eficiencia. [1] El oficial examinador de la PRTC actuó, pues, correctamente al abstenerse de ejercer jurisdicción para revisar la decisión de cancelar la requisitoria para la plaza de Secretaria Legal BVP.

De otro modo hubiera reconocido un *"derecho adquirido"* donde no existe. Solamente cuando hay un derecho establecido por ley es que el Estado está impedido de terminarlo discrecionalmente, *Goldberg v. Kelly*, 397 US 254, 261-262 (1970). Para tener un interés propietario en un beneficio gubernamental reclamado, una persona debe tener claramente más que una necesidad abstracta, deseo o expectativa unilateral sobre el beneficio, *Board of Regents v. Roth*, 408 US 564, 577 (1972). En este contexto, el que alega poseer un intéres propietario debe tener un reclamo legítimo de titularidad, *Id.* Este no es el caso de la aquí recurrente con respecto a la plaza cancelada. Al momento de la cancelación, Muñoz tan sólo era candidata junto a otros solicitantes a ocupar la plaza.

Muñoz compitió por la plaza cancelada en igualdad de condiciones con respecto a los demás candidatos. El proceso de petición de cambio fue llevado a cabo conforme a la Sección 8.5 del Reglamento. La cancelación de la plaza y, por consiguiente, la denegación de la petición de cambio sometida por la recurrente fueron propulsadas por el cambio en las necesidades de personal que

produjo el traslado de la Vicepresidenta de Asuntos Legales, Recursos Humanos y Seguridad Corporativa, Lcda. Batista (véase, pagina 42, Ap. de solicitud de revisión).

En la revisión judicial de decisiones administrativas los tribunales deben limitarse a determinar si la agencia obró arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituyó un abuso de discreción, *Fuertes v. A.R.P.E.,* **93 J.T.S. 165,** página 11383; *Murphy Bernabe v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975). Asimismo, la interpretación administrativa de un estatuto por el organismo encargado de velar por su cumplimiento merece respeto y deferencia por parte de los tribunales, *Ríos Colón v. Corp. F.S.E.,* **95 J.T.S. 133,** página 140; *A.R.P.E. v. Ozores Pérez,* 116 D.P.R. 816, 821 (1986); *Murphy Bernabe v. Tribunal Superior, supra.*

No resulta irrazonable concluir, como lo hizo el oficial examinador, que la cancelación de una requisitoria de personal es una decisión que queda dentro del ámbito de discreción de la corporación para manejar sus asuntos de personal conforme a las necesidades cambiantes del servicio; que el Reglamento no comprende la cancelación de plazas dentro de las áreas esenciales al principio de mérito y que, por consiguiente, no es una decisión sujeta a la revisión de un oficial examinador.

## IV
Por los fundamentos anteriormente expuestos, **EXPEDIMOS** el auto de revisión y **CONFIRMAMOS** la Resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 97 DTA 104**

**1.** El Artículo 7.4 del Reglamento constituye otro ejemplo de instancias en las cuales la PRTC puede ejercer su arbitrio.y discreción en cuanto a la organización de su personal: *"Se podrá reasignar cualquier clase de un nivel salarial a otro de los contenidos del Plan de Compensación cuando la necesidad o la eficiencia del servicio público así lo requiera."*