López Vilanova, Jueza Ponente
*728 TEXTO COMPLETO DE LA SENTENCIA
Luis Natali García y Luis Natali Román, apelan de una Sentencia emitida el 31 de enero de 2001 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, que denegó a los apelantes un Injunction y Solicitud de daños presentado contra la Policía de Puerto Rico. Mediante dicha sentencia, el foro a quo concluyó que dicho cuerpo no violó a los apelantes el debido proceso cuando efectuó el cierre del establecimiento comercial que éstos operan.
La controversia ante nos se reduce a determinar si conforme a la Ley Núm. 99 de 25 de marzo de 1999, la revocación de un permiso de uso de un negocio por parte de la Administración de Reglamentos y Permisos, en adelante A.R.P.E., confiere autoridad suficiente a la Policía de Puerto Rico para proceder al cierre del establecimiento comercial, en ausencia de una orden de cierre del foro administrativo con jurisdicción para emitirla. Resolvemos en la negativa. Veamos los hechos.
I
Luis Natali García es dueño de un negocio conocido como "Fun and Pizza", ubicado en la calle Post Número 66 Norte en el municipio de Mayagüez.
Mediante Resolución emitida el 14 de septiembre de 2000 y notificada el 15 de septiembre, la A.R.P.E., revocó el permiso de uso previamente concedido a la parte apelante para la operación del negocio. Mediante dicho dictamen, la A.R.P.E. no ordenó el cierre del establecimiento.
Solicitada oportuna Reconsideración, ésta fue denegada por la agencia el 28 de septiembre de 2000. En esta ocasión, la A.R.P.E. tampoco ordenó el cierre del local.
Natali García apeló ante la Junta de Apelaciones sobre Construcciones y Lotificaciones (J.A.C.L.). El 2 de octubre de 2000, pendiente la Apelación ante la J.A.C.L., la Policía de Puerto Rico procedió a cerrar el negocio "Fun and Pizza", por conducto de los agentes del orden público. La Policía se amparó en la Resolución de la A. R.P.E. que revocó a los aquí apelantes el permiso de uso previamente expedido al establecimiento comercial.
El 23 de octubre de 2000, la parte apelante solicitó al Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitiera un Injunction contra la Policía de Puerto Rico, para que dicho cuerpo se abstuviera de intervenir con la operación del negocio "Fun and Pizza", hasta tanto la agencia concernida emitiera una orden de cierre. Los apelantes reclamaron, además, la concesión de daños por alegada violación a su derecho a un debido proceso de ley. El Tribunal negó a los aquí apelantes el remedio solicitado y concluyó que la Policía de Puerto Rico no violó a éstos su derecho a un debido proceso de ley al cerrarles el negocio.
Luego de varios incidentes procesales, los apelantes presentaron el recurso de epígrafe. Sostienen que incidió el Tribunal de Primera Instancia al concluir que la Policía de Puerto Rico no violentó a los apelantes su derecho a un debido proceso de ley al cerrarles el establecimiento comercial, sin que mediara orden de la A.R.P. E. a esos efectos. Señalan, además, que erró el foro apelado al concluir que conforme a la Ley Núm. 99 de 25 de marzo de 1999, no era necesario que la A.R.P.E. emitiera una orden de cierre para que la Policía de Puerto Rico actuara. Tienen razón los apelantes.
II
La Ley Núm. 76 de 24 de junio de 1975, según enmendada, 23 L.P.R.A. sec. 71, creó la Administración de Reglamentos y Permisos con el fin de que dicha agencia ejecute las funciones operacionales que hasta ese *729 momento desempeñaba la Junta de Planificación. Entre los poderes otorgados a la A.R.P.E. está velar por ejt cumplimiento de las leyes y los Reglamentos de Planificación e instar cualesquiera de los, recursos adecuados, en ley para impedir o prohibir que cualquier edificio sea usado en violación de la ley. Artículo 26 de la Ley Núm. 73, supra, 23 L.P.R.A. sec. 71y. Mediante la aprobación de la Ley Núm. 76 se provee a A.R.P.E. los remedios legales necesarios para hacer efectivo el cumplimiento de sus determinaciones. A.R.P.E. v. Ozores, 116 D.P.R. 816, 821 (1986). A estos efectos, el Artículo 28 de la Ley Núm. 76 autoriza expresamente a la ARPE a solicitarle al Tribunal de Primera Instancia la expedición de órdenes para la paralización inmediata de obras o usos contrarios a la ley. 23 L.P.R.A. see. 72.
De otra parte, el Artículo 31 de la Ley 76, supra, dispone que mientras está pendiente una apelación ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, (J.A.C.L.), la agencia de la cual se apela suspenderá todos los procedimientos relativos a la resolución de la cual se apela. 23 L.P.R.A. seq. 72c. No obstante, ello no priva a la A.R.P.E. de autoridad para solicitar al tribunal que emita una orden de paralización de un uso al amparo del Artículo 28 de la Ley Núm. 76, supra, porque la decisión de la cual se apela creó, un estado provisional de derecho sujeto al resultado de la apelación ante la J.A.C.L.A.R.P.E. v. Ozores, 116 D.P.R. 816 (1986). En ese contexto, nuestro más Alto Foro concluyó que 'A.R.P.E. podía legítimamente hacer valer tal estado mediante el recurso interdictal instado ante el Tribunal de Distrito, autorizado por el Artículo 28 de la ley." A.R.P.E. v. Ozores, supra, a la pág. 822.
En el caso que nos ocupa, los apelantes no cuestionan la norma establecida en A.R.P.E. v, Ozores> supra',, más bien reconocen que allí se enfatizó el procedimiento a seguir por la ARPE, para, obtener una orden de cierre o paralización de uso de un establecimiento, conforme al procedimiento establecido en el Artículo 28 de la Ley Núm. 76, supra. La Ley Núm. 76, supra, fue enmendada mediante la aprobación de la Ley Núm. 99 de 25 de marzo de 1999, con el fin de conferirle a la A.R.P.E. mayores poderes. A estos efectos, la Ley Núm. 99, supra, le concede facultad a la Administración de Reglamentos y Permisos (A.R.P.E.), para ordenar el cierre inmediato de negocios que operan en violación a las leyes y reglamentos que dicha agencia administra y para confiscar bienes muebles. Véase Exposición de Motivos de la Ley Núm. 99, supra. El estatuto establece, además, el procedimiento a seguir por la A.R.P.E. para revocar un permiso de uso y para ordenar el cierre inmediato de un establecimiento, sin necesidad de acudir al tribunal mediante el procedimiento sumario que establecía el Artículo 28 de la Ley Núm. 76, supra, 23 L.P.R.A. sec. 72. La Ley Núm. 99, supra, añadió el inciso (z) al Artículo 5 de la Ley Núm. 76, supra, y dispone en lo pertinente:

"El Administrador tendrá la facultad de decretar el cierre inmediato de un uso comercial que violente tanto una ley o reglamento que administra la Administración o se encuentre que se ha cometido un delito grave en los predios del uso, siendo el dueño, administrador o encargado una parte en la comisión del delito. Cuando se decrete el cierre del establecimiento en estas circunstancias se podrá enviar copia del boleto de cierre a la Oficina de los Alguaciles del Tribunal Superior del área donde ubiquen los locales afectados para que procedan a tenor con la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, según enmendada, y disponer de los bienes muebles objetos del cierre.

1. Se dispone que los negocios con usos comerciales donde se expendan bebidas alcohólicas, al igual que barras, salones con entretenimiento en vivo y otros, son los negocios cuya severidad en el usa estarán expuestos a irjtervención mediante este procedimiento especial.

a. Si la violación detectada es a un Reglamento o Ley de las que administra el Administrador de la Administración de Reglamentos y Permisos, el Administrador o el funcionario designado por éste mediante Orden Administrativa emitirá una Resolución contra el dueño o encargado del local para que en el término de 10 días muestre razones por las cuales no debe revocarse el permiso expedido o en su defecto para el uso sin permiso que se opera y que por Resolución de la Administración de Reglamentos y Permisos no podré legalizarse.

*730
3. Se autoriza al Administrador o a la Policía de Puerto Rico para que asegure el cierre efectivo del local mediante los instrumentos mecánicos apropiados."

Cónsono con el mandato legislativo de ampliar los poderes de la A.R.P.E., se aprobó también la Ley Núm. 342 de 2 de septiembre de 2009 para, entre otros fines, proveer para el arresto de los violadores a las órdenes de cierre que emita la Administración de Reglamentos y Permisos. El Artículo 5 inciso 3 de la Ley Núm. 76, supra, fue también enmendado mediante la Ley Núm. 342, supra, a los efectos de tipificar como delito menos grave el que una persona violente una Resolución de Cierre emitida por la Administración de Reglamentos y Permisos. La Ley 342, supra, enmendó, además, el inciso (z) del Artículo 5 de la Ley Núm. 76 de 24 de junio de 1975, para seguir ampliando los poderes de la ARPE, y estableció nuevamente el procedimiento a seguir para el cierre inmediato de un establecimiento. La última enmienda a dicho Artículo dispone en lo pertinente:

"Artículo 5.- Serán deberes y facultades generales del Administrador y de la Administración, además de las que le son conferidas por esta ley y por otras leyes, los siguientes:

(a)...

(b)...

1. Se dispone que los negocios con usos comerciales otorgados o que hayan de otorgarse que hayan sido detenidos mediante variación o excepción, así como cualesquiera negocios que se encuentren en violación de cualquier ley o reglamento cuyo cumplimiento haya sido encomendado o delegado por ley al Administrador, incluyendo, pero sin limitarse a aquellos negocios dónde se expendan bebidas alcohólicas al igual que barras, salones con entretenimiento en vivo y otros, son los negocios cuya severidad en el uso los hará susceptibles de estar expuestos a la intervención de la agencia mediante este procedimiento especial sumario.

(a) Se podrá decretar el cierre inmediato del establecimiento en los siguientes casos:

(i) Cuando la violación detectada es a un Reglamento o Ley de las que administra la Administración de Reglamentos y Permisos, se entregará al dueño o encargado del local una Resolución de Cierre y se citará dentro del término de 10 días para que muestre razones por las cuales no debe revocarse el permiso expedido o cerrarse el establecimiento por operar sin permiso y convertir en Cierre Permanente el decretado inicialmente bajo este procedimiento especial sumario."

Nótese que es la A.R.P.E. la agencia con facultad para ordenar el cierre del establecimiento que opera en violación a las leyes y reglamentos que dicha agencia administra. La Ley establece claramente que la A.R.P.E. emitirá primero una Resolución de Cierre y concederá diez días a la parte afectada para comparecer, antes de ordenar el cierre permanente del establecimiento.
Si bien es correcto afirmar que conforme a la Ley 99, supra, y la Ley 342, supra, la A.R.P.E. puede utilizar los recursos de la Policía de Puerto Rico para hacer cumplir sus órdenes y reglamentos, dicha encomienda procede luego de que la A.R.P.E. cumpla con el procedimiento sumario contemplado en el Art. 5 de la Ley Núm. 76, y sus recientes enmiendas. En el caso ante nos, hubo ausencia de Resolución de Cierre y ausencia de encomienda de la A.R.P.E. hacia la Policía de Puerto Rico para efectuar el cierre del establecimiento.
La A.R.P.E. puede utilizar los recursos provistos por la legislación vigente para ordenar el cierre de un establecimiento que opera sin permiso. No lo hizo, por lo que en el caso ante nos, la intervención de la Policía de Puerto Rico constituyó un acto ultra vires de dicho cuerpo.
Un tribunal podrá dictar una orden de entredicho provisional, injunction preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil en los siguientes casos:
*731 "W -
(2) cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado." 32 L.P.R.A. see. 3524.
En el caso que nos ocupa, los agentes del orden público procedieron a cerrar el negocio de los apelantes sin que existiera una Resolución de Cierre expedida por la A.R.P.E. conforme al procedimiento establecido en las Leyes 99 y 342, supra, u orden judicial emitida al amparo de los Artículos 26 y 28 de la Ley Núm. 76, 23 L.P. R.A. secs. 71 y 72. Por ello, erró el foro apelado al declarar No Ha Lugar la demanda presentada por los apelantes de epígrafe. Incidió, además, dicho foro al señalar que en futuras ocasiones la ARPE deberá ordenar el cierre del establecimiento, y al aplicar el derecho vigente prospectivamente y no a los hechos ante su consideración.
III
Por lo antes expuesto, se revoca la sentencia apelada. Notifíquese.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaría General