# 2007 DTA 119

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL II**

LUIS FIGUEROA RIVERA
Recurrente

v.

ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS (ARPE)
Recurrida

Núm. KLRA-2007-00445

San Juan, Puerto Rico, a 15 de octubre de 2007

Panel integrado por su Presidenta, la Juez García García,
la Juez Varona Méndez y el Juez Cabán García

Varona Méndez, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Luis Figueroa Rivera (el Sr. Figueroa), solicita que revoquemos la multa que le impuso la Administración de Reglamentos y Permisos (A.R.P.E.) el 17 de abril de 2007, por operar en un local de su propiedad una oficina administrativa de compañía dedicada a la reparación y servicio de alarmas residenciales y comerciales, sin permiso de uso para ello.

Luego de considerar las posiciones de las partes y el derecho aplicable, resolvemos confirmar la resolución revisada. A continuación exponemos los fundamentos de nuestra decisión.

### I

El 26 de septiembre de 2006, la Sra. Sara Del Valle presentó una solicitud de investigación en torno a una estructura propiedad del Sr. Figueroa. Dentro del proceso de investigación, el Sr. Luis Delgado Arroyo, quien es inspector de A.R.P.E., rindió un informe de inspección denominado Informe de Detección de Falta. El mismo reflejó que el Sr. Figueroa construyó unas obras sin permiso de construcción, incluyendo una estructura para operar una oficina administrativa de una compañía dedicada a la venta, servicio e instalación de sistemas de seguridad, que también carecía del permiso de uso correspondiente.

En la mencionada inspección se expidió el boleto de infracción número 15,463 por la cantidad de $1,000. En el boleto se expresó lo siguiente: "*se opera oficina administrativa de compañía dedicada a la reparación y servicio de sistema de seguridad, esto sin evidencia de permiso de uso. Se emitió el boleto de notificación #15,463, esto el pasado 21 de febrero de 2007*".

En la notificación del boleto, A.R.P.E. apercibió al recurrente que para legalizar o conformar las obras tendría que paralizar la operación de la oficina administrativa, radicar un anteproyecto y/o visitar las oficinas administrativas de la agencia. Además, indicó que el caso se mantendría pendiente por diez (10) días a partir de la fecha de envío de la carta, en espera que se legalizara, se conformaran las obras o se presentara evidencia de la legalidad de los mismos. Si dentro de dicho período de tiempo no se actuaba para aclarar este asunto, se tomaría la acción que ameritara el caso.

Como parte del proceso ante la agencia, se realizó una segunda inspección a la propiedad del Sr. Figueroa el 17 de abril de 2007, en la que se expidió otro boleto #15,482 por continuar operando la oficina sin el correspondiente permiso. Éste indicó que: "*Se opera oficina administrativa de compañía dedicada. a la reparación y servicio de alarmas residenciales y comerciales, esto sin evidencia de permiso de uso. Para su propiedad se ha emitido una multa de $1,000.00 y no se ha evidenciado el pago de la misma; se le ordena el sece [sic] del uso comercial*".

Por otro lado, el 24 de enero de ese mismo año, A.R.P.E. había autorizado el anteproyecto de construcción sometido por el Sr. Figueroa y había aprobado la preparación de los planos finales. En su proyecto, el Sr. Figueroa incluyó un área en el primer nivel para uso de oficina domiciliaria, que contenía dos habitaciones y un baño. Posteriormente, el 11 de abril siguiente, la agencia concedió el permiso de construcción en cuanto al mencionado proyecto.

En desacuerdo con la primera multa, el Sr. Figueroa presentó una moción de reconsideración que fue denegada de plano por la agencia. Posteriormente y luego de expedida la segunda multa, éste acudió ante nos y planteó los siguientes errores:

*"Erró A.R.P.E. al interponer una multa pasados los 40 días establecidos en reglamento para ello.*

*Erró A.R.P.E. al interponer una multa basado en una alegación de que no se había pagado una multa que estaba en proceso de reconsideración.*

*Erró A.R.P.E. al violar el debido proceso de ley de la parte recurrente al imponer una multa sin darle oportunidad a la parte recurrente a ser oída y ver y escuchar la prueba utilizada para adjudicar la violación que alegadamente daba lugar a la imposición de la multa.*

*Erró A.R.P.E. al violar el debido proceso de ley de la parte recurrente y su propio reglamento, al imponer una multa que carecía de un informe de detección de falta.*

*Erró A.R.P.E. al imponer una multa administrativa de forma arbitraria y caprichosa luego de cumplidas con las exigencias requeridas por la agencia y en base a la alegada oposición del Alcalde de Trujillo Alto que no tiene jurisdicción sobre el asunto."*

En su recurso, el Sr. Figueroa arguyó que la propiedad objeto de controversia se utiliza primordialmente para propósitos residenciales. Adujo, además, que la propiedad guarda algunos documentos del negocio, pero no se efectúan todas las gestiones concernientes al negocio, como por ejemplo, que no recibe clientes.

Analizados los hechos en controversia y considerados los argumentos de las partes, procedemos a resolver.

## II

Como cuestión de umbral, reafirmamos el principio de que a toda determinación administrativa le cobija una presunción de regularidad y corrección. *Pacheco v. Estancias.*, 160 D.P.R. 409 (2003); *E.L.A. et als. v. Malavé*, 157 D.P.R. 586 (2002). Dicha presunción deberá sostenerse por los tribunales a menos que la misma sea derrotada por medio de prueba suficiente y no meras alegaciones. *Pacheco v. Estancias, supra*; *A.R.P.E. v. Junta de Apelaciones Sobre Construcciones y Lotificaciones*, 124 D.P.R. 858, 864 (1989); *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194, 210 (1987); *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975). Ello, debido a que las agencias administrativas poseen la experiencia y conocimientos altamente especializados sobre los asuntos que están dentro del ámbito de sus facultades y responsabilidades. *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 D.P.R. 521, 533 (1993); *Asoc. Drs. Med. Cui. Salud v. Morales*, 133 D.P.R. 567, 589 (1993).

En vista de lo anterior, resulta que toda intervención con dichas determinaciones sólo estará justificada cuando la agencia haya obrado arbitraria, ilegalmente, o en forma tan irrazonable que su actuación constituya un abuso de discreción. Del mismo modo, se intervendrá cuando la determinación no pueda ser sostenida a la luz de la doctrina de la evidencia sustancial. *Rebollo Vda. de Liceaga v. Yiyi Motors*, 161 D.P.R. ___ (2004), **2004 J.T.S. 4**; *Mun. de San Juan v. J.C.A.*, 152 D.P.R. 673 (2000); *Misión Industrial de P.R., Inc. v. Junta de Planificación*, 146 D.P.R. 64, 131 (1998); *Fuertes v. A.R.P.E.*, 134 D.P.R. 947, 953 (1993); *Murphy Bernabé v. Tribunal Superior, supra*, a la pág. 699.

El principio de la evidencia sustancial limita la intervención judicial con las determinaciones de hechos de un organismo administrativo, en la medida en que éstas estén sostenidas por evidencia sustancial que surja del expediente administrativo, considerado en su totalidad. *Rebollo Vda. de Liceaga v. Yiyi Motors, supra*; *Metropolitana, S.E. v. A.R.P.E.*, 138 D.P.R. 200 (1995); *Puerto Rico Telephone Co. v. Unión Independiente,*

131 D.P.R. 171, 211 (1992).

El principio jurisprudencial de la evidencia sustancial fue acogido en la sección 4.5 de la Ley de Procedimiento Administrativo Uniforme (en adelante, L.P.A.U.), Ley Núm. 170 del 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2175. Dicha sección dispone, en lo pertinente, que *"...las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el Tribunal, si se basan en evidencia sustancial que obre en el expediente administrativo"*. A estos fines, se ha definido como *"aquella [prueba] pertinente que una mente razonable pueda aceptar como adecuada para sostener una conclusión"*. *Ramírez v. Departamento de Salud*, 147 D.P.R. 901, 905 (1999); *Associated Insurance v. Comisionado de Seguros*, 144 D.P.R. 425, 437 (1997); *Hilton Hotels v. Junta de Salario Mínimo*, 74 D.P.R. 670, 687 (1953); *Rebollo Vda. de Liceaga v. Yiyi Motors, supra,* a la pág. 501.

La determinación judicial de que no existe evidencia sustancial que sostenga las determinaciones de la agencia administrativa conlleva que la parte afectada demuestre que existe *"otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia hasta el punto de que un tribunal no pueda concienzudamente concluir que la evidencia sea sustancial, en vista de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba"* que le fue sometida. *Metropolitana v. A.R.P.E., supra,* a la pág. 213, [citando a *Hilton Hotels v. Junta de Salario Mínimo, supra*].

Por su parte, A.R.P.E., que fue creada por la Ley 76 de 24 de junio de 1975, según enmendada, está adscrita a la Junta de Planificación de Puerto Rico y tiene entre sus deberes aplicar y velar por el cumplimiento de las leyes, reglamentos de planificación, y de sus propios reglamentos. 23 L.P.R.A. sec. 71d. *A.R.P.E. v. Ozores,* 116 D.P.R. 816 (1986).

En virtud de ello, el Reglamento sobre Multas Administrativas de A.R.P.E. (enmendado), número 5692, vigente el 16 de octubre de 1997 (Reglamento de Multas), establece en su tópico dos, sección 3.00 que:

*"El monto de las multas administrativas a imponerse por cada una de las diferentes faltas administrativas cometidas en cualquier propiedad, solar, obra, edificio, estructura, pertenencia, instalación o exhibición de rótulos o anuncios, será por separado y podrá variar por cada falta desde un mínimo de cien (100) dólares hasta un máximo de mil (1,000) dólares diarios por un término máximo de cuarenta (40) días consecutivos mientras subsistan tales faltas. En general, el Administrador podrá variar el monto mediante orden administrativa."*

Dicho Reglamento, a su vez, indica en la sección 3.04 sobre la imposición de la multa que:

*La Agencia, a iniciativa propia o a instancia de cualquier persona, podrá realizar una inspección en cualquier lugar donde se alega una violación o incumplimiento para determinar si en efecto se ha incurrido en violaciones a las leyes, reglamentos u órdenes emitidas por la agencia.*

*De determinarse la violación o incumplimiento, el funcionario autorizado procederá a expedir el boleto correspondiente en el impreso, que para estos efectos se adopta, el cual contendrá entre otros, los siguientes aspectos:*

*a. La falta administrativa imputada*

*b. El monto de la multa a pagarse*

*c. El término para solicitar Reconsideración ante el Administrador correspondiente*

*d. Instrucciones para solicitar Recurso de Revisión*

*e. Advertencia sobre la constitución del Gravamen Real sobre el Título de dicha propiedad*

*f. La firma del funcionario*

*g. Los formularios para la expedición de Boletos, así como el Informe de Detección de Falta, se hacen formar parte de este Reglamento, en cuanto a la*

*h. La información mínima que debe contener.*

El funcionario que expidió el boleto será responsable de entregar al Administrador o al funcionario con facultad, el Informe de Detección de Falta Administrativa, así como el original del boleto expedido. La Administración mantendrá un expediente donde se recogerá la anotación de gravamen de todas las propiedades, de manera que estén disponibles para la inspección pública.

Por otro lado, A.R.P.E. creó una Guía de Multas para evitar sancionar de igual manera todo tipo de violación. En lo concerniente al caso de autos, la violación severa dispone que:

*"Serán violaciones severas aquéllas consideradas como peligrosas para la comunidad dónde ocurren, las que son cometidas por personas que han sido multadas por la Administración en más de dos ocasiones o las que demuestran desprecio por la regulación vigente. Las multas a imponerse son de $500 a $1,000."*

## III

En el caso que nos ocupa, el Sr. Figueroa señaló como primer error que se le expidió el boleto pasados los 40 días dispuestos en el reglamento para ello. La Ley Núm. 73 del 28 de agosto de 1991 enmendó la Ley Núm. 76, *supra,* a los fines de velar por el cumplimiento del deber de imponer multas a los infractores. En el reverso del boleto se advertía que A.R.P.E. podría imponer una multa separada por cada día en que subsistiera la violación hasta el límite de 40 días y que el hecho de la expedición de este boleto no detendría o impediría la radicación de acciones adicionales contra los dueños, encargados o usuarios de la propiedad.

Claramente se estableció que los 40 días aludidos, se refieren al máximo a imponerse como penalidad durante días consecutivos, por continuar con la violación. No implica que sólo dentro de dicho término procede expedir la multa. El Sr. Figueroa malinterpretó la disposición, por lo que no le asiste la razón.

En cuanto al segundo error planteado, el Sr. Figueroa indicó que la agencia incidió al interponer una segunda multa bajo el fundamento de que no se había pagado la primera, encontrándose esta última en reconsideración.

Es importante aclarar que en el propio boleto se dispuso que la imposición de una multa no impide o detiene la radicación de otras acciones contra los dueños o encargados de la propiedad. En este caso se expidió un boleto el 1 de marzo de 2007 por operar una oficina administrativa de una compañía dedicada a la reparación y servicio de sistema de seguridad sin evidencia de permiso de uso. Posteriormente, el 17 de abril de ese año, se emitió otro boleto por operar la oficina administrativa sin el permiso de uso correspondiente. En esta ocasión, el inspector hizo constar que anteriormente se emitió una multa que no había sido pagada y ordenó el cese del uso comercial de la propiedad.

Aunque el Sr. Figueroa no había cumplido con su obligación de pagar la multa impuesta, lo cierto es que continuó operando la oficina administrativa sin el permiso de uso requerido. Tratándose de acciones diferentes penalizadas en momentos distintos, la agencia está autorizada a sancionarlas por separado para así velar por el

cumplimiento de sus leyes y reglamentos.

Como errores tres y cuatro, el Sr. Figueroa plantea que se le negó la oportunidad de vista administrativa y que no se realizó el requerido Informe de Detección de Falta.

Los hechos en el presentan caso se refieren a la expedición de un boleto por un funcionario de A.R.P.E. Éste realizó una inspección en la propiedad del Sr. Figueroa y encontró que se operaba una oficina administrativa sin el correspondiente permiso. Procedió a redactar un Informe de Inspección y a expedir un boleto por la cantidad $1,000, puesto que la violación se clasifica como severa acorde con la guía de multas establecida por A.R.P.E.

Inconforme con la actuación de la agencia, el Sr. Figueroa presentó una reconsideración que fue rechazada de plano por la agencia. En el Reglamento de Multas, *supra,* se especificó lo siguiente:

*"La persona afectada por una Multa Administrativa, podrá radicar dentro del término de veinte (20) días, el recurso de reconsideración: El Administrador o Funcionario, con facultad, deberá decidir dentro de los próximos veinte (20) días a la radicación de la Reconsideración, si modifica la multa, la deja sin efecto o si señala para Vista Administrativa. En esta última opción se procederá de acuerdo al Reglamento de Procedimientos Adjudicativos de la Agencia, para VISTAS PARA MOSTRAR CAUSA, por la cual no debe imponerse la Multa Administrativa. De no tomarse acción en el término de veinte (20) días, se entenderá que se deniega la Reconsideración y el afectado tiene el término de Treinta (30) días para radicar ante el Tribunal correspondiente el recurso de Revisión que la ley provee."*

Ciertamente, el Sr. Figueroa operó un negocio sin el correspondiente permiso y se le expidió un boleto. Oportunamente presentó una reconsideración que fue denegada de plano. Conforme establece el propio reglamento, al no tomarse ninguna acción en cuanto a la reconsideración lo que procedía era la revisión judicial, la cual tenemos ante nos.

Como último error, el Sr. Figueroa apuntó que se le impuso la multa de forma arbitraria y caprichosa a pesar de haber cumplido con las exigencias de la agencia. Además, planteó que la determinación se basó en la alegada oposición del Alcalde de Trujillo Alto, quien carece de jurisdicción en este asunto.

Resulta claro que el Sr. Figueroa no cumplió con las exigencias de la agencia, puesto que no pagó la multa impuesta a sabiendas de que violaba las disposiciones de A.R.P.E. Más de un mes después, la agencia emitió un segundo boleto a la parte ante su obstinación en continuar operando la oficina. Debemos aclarar que el permiso concedido por la agencia fue de construcción y no de uso. Del expediente no se desprende ningún permiso de uso otorgado al Sr. Figueroa.

Tampoco surge del récord alguna evidencia del planteamiento en cuanto a la negativa del alcalde en lo referente a cualquier asunto relacionado al titular y la propiedad en cuestión. Como se sabe, meras alegaciones, conjeturas o especulaciones no constituyen hechos probados, como tampoco lo son las teorías y argumentos forenses. *Pressure Vessels of PR v. Empire Gas of PR*, 137 DPR 497, 526 (1994); *Morales v. Clínica Femenina de PR*, 135 DPR 812, 814 (1994).

De modo que en ausencia de un proceder arbitrario, ilegal o irrazonable por parte de A.R.P.E., la decisión administrativa merece nuestra deferencia y no amerita que intervengamos con la misma.

**IV**

Por los fundamentos antes expuestos, se confirma la resolución recurrida.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones